A90A0215. ASSOCIATED WRITERS GUILD OF AMERICA, INC.
v. FIRST NATIONAL BANK OF ATLANTA.
A90A0216. MOODY v. FIRST NATIONAL BANK OF ATLANTA.
(395 SE2d 23)

CARLEY, Chief Judge.

In January of 1981, appellant-plaintiff Roy Moody opened a checking account for appellant-defendant Associated Writers Guild of America, Inc. (AWGA) with appellee-defendant First National Bank (Bank). In March and April of 1982, the Bank refused to honor several checks that had been drawn on AWGA's account and, as the result, AWGA and Moody each originally filed a separate action against the Bank. However, these separate actions were voluntarily dismissed in July of 1985 and AWGA and Moody thereafter refiled a joint action against the Bank in August of 1985. This refiled August 1985 joint action was taken voluntarily dismissed in November of 1986. In May of 1987, Moody filed the instant action and named as the defendants therein both AWGA and the Bank. AWGA answered Moody's complaint and filed its own cross-claim against the Bank. The Bank answered and raised, among its other defenses to Moody's main claim and AWGA's cross-claim, the statute of limitations. After discovery, the Bank moved for summary judgment based upon its statute of limitations defense and the trial court granted the motion. AWGA and Moody filed separate notices of appeal and the resulting two cases are hereby consolidated for appellate disposition in this single opinion.

1. An action for wrongful dishonor of checks sounds in tort. *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55, 61 (2c) (390 SE2d 55) (1989). "This kind of action may be analogized to an action of libel or slander. . . ." *Hilton v. Jesup Banking Co.*, 128 Ga. 30, 32 (1) (57 SE 78) (1907). Since an action for wrongful dishonor is analogous to an action for an injury to the reputation such as libel or slander, it necessarily follows that wrongful dishonor is "a tort involving an injury to the person even though this injury may not be physical." *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 667 (2B) (386 SE2d 146) (1989). Accordingly, the statute of limitations for a wrongful dishonor claim would certainly be no greater than two years and quite possibly no greater than one year. See OCGA § 9-3-33. Regardless of whether

the applicable statute of limitations is one or two years, Moody's and AWGA's commencement in 1987 of their instant actions based upon the Bank's alleged wrongful dishonor of checks in 1982 would certainly not be timely. Thus, the only issue presented for review is whether Moody's main claim and AWGA's cross-claim are valid renewal actions within the purview of OCGA § 9-2-61.

2. OCGA § 9-2-61 (a) provides, in relevant part, that "if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, [the] privilege of renewal shall be exercised *only once.*" (Emphasis supplied.) When Moody and AWGA dismissed their original actions against the Bank in July of 1985, it is clear that the statute of limitations, whether it be one or two years, had long since run as to their claims for the Bank's alleged wrongful dishonor of checks in 1982. Thus, assuming that Moody and AWGA were otherwise authorized to rely upon OCGA § 9-2-61 (a), they exercised their one and only opportunity to secure a valid renewal under that statute when they refiled their joint action against the Bank in August of 1985. Thus, when Moody and AWGA dismissed their August 1985 renewal action in November of 1986, they were not authorized under OCGA § 9-2-61 (a) to refile their actions against the Bank yet again. Since Moody's and AWGA's instant actions filed in May of 1987 would represent their second and, therefore, unauthorized reliance upon OCGA § 9-2-61, it follows that the trial court correctly granted summary judgment in favor of the Bank on its statute of limitations defense.

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 16, 1990 —
REHEARINGS DENIED JUNE 1, 1990.

*Paul H. Kehir*, for appellant.
*McClain & Merritt, Howard M. Lessinger*, for appellee.