A94A0383. WORLEY v. PIERCE.
(440 SE2d 749)

BLACKBURN, Judge.

On December 22, 1992, the appellant, Delma Worley, filed this third complaint for damages against the appellee, Cresley John Pierce, a nonresident, arising out of an automobile collision of October 14, 1988. The two previous actions for damages against Pierce were voluntarily dismissed without prejudice by Worley on August 23, 1991, and December 22, 1992, respectively. Pierce timely responded to the instant complaint, asserting several defenses including the expiration of the two-year statute of limitation, and simultaneously moved the court to dismiss the action on this ground.

Based upon the parties' submission of matters outside the pleadings in support and in opposition of the motion, the trial court, pursuant to OCGA § 9-11-12 (b), converted the motion to one for summary judgment on whether the statute of limitation had been tolled by Pierce's relocation outside the state shortly after the collision. The parties were provided 30 days in which to submit additional material. The motion was subsequently granted by the trial court and this appeal followed. On appeal, Worley asserts that the trial court erred in

granting the motion based upon the expiration of the statute of limitation, and erred in concluding that the affidavit of Worley's counsel was hearsay and insufficient to support any opposition to the motion.[1] We affirm.

1. "OCGA § 9-2-61 (a) provides for the renewal of actions within six months of their dismissal: 'When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or, if permitted by the federal rules of civil procedure, in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later; *provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.*'" (Emphasis supplied.) *Patterson v. Douglas Women's Center*, 258 Ga. 803 (2) (374 SE2d 737) (1989). See also *Associated Writers Guild of America v. First Nat. Bank of Atlanta*, 195 Ga. App. 820, 821 (2) (395 SE2d 23) (1990).

In the case sub judice, the record shows that Worley voluntarily dismissed both prior actions for damages against Pierce after the natural expiration of the applicable limitation period. However, on September 11, 1991, when Worley refiled the action within six months of his voluntary dismissal of the first action on August 23, 1991, he exercised his one and only opportunity to validly renew the action under OCGA § 9-2-61. This second action stood on the same footing as to the limitation period as the original action, which was timely filed on November 28, 1989. See *Stevens v. Faa's Florist*, 169 Ga. App. 189, 190 (311 SE2d 856) (1983). Thus, when Worley subsequently dismissed his renewal action on December 22, 1992, and refiled the instant action on that date, he was not authorized to do so under the statute. Accordingly, summary judgment in favor of Pierce on his statute of limitation defense was appropriate. *First Nat. Bank of Atlanta*, supra.

While Worley maintains that the statute of limitation was tolled based upon Pierce's relocation outside the state shortly after the collision, we conclude otherwise. As this court recognized in *Towns v. Brown*, 177 Ga. App. 504 (339 SE2d 926) (1986) and *Railey v. State Farm Mut. Auto. Ins. Co.*, 129 Ga. App. 875 (1) (201 SE2d 628) (1973), both relied upon by Worley, the two-year statute of limitation of OCGA § 9-3-33 is tolled where a defendant has removed himself from the state *if* such removal makes it impossible to perfect service.

---

[1] Although Worley asserts three enumerations of error, in his brief, he collectively argues enumerations 1 and 3. Accordingly, those enumerations will be combined for the purpose of this appeal.

In the present case, contrary to Worley's assertion in his brief, the record not only shows that service upon Pierce was possible under Georgia's Long-Arm Statute, the record unequivocally shows that service of process was perfected upon Pierce in all three actions.

2. We further reject Worley's assertion that the trial court erred in concluding that his counsel's affidavit was hearsay because, as the trial court correctly concluded, the affidavit was not based upon counsel's personal knowledge. " 'OCGA § 9-11-56 (e) mandates that "(s)upporting and opposing affidavits shall be made on personal knowledge. . . ." ' [Cit.]" *Brown v. Apollo Indus.*, 199 Ga. App. 260, 261 (1) (404 SE2d 447) (1991). In the instant action, counsel's affidavit does not contain an averment or affirmatively show that it was made based upon his personal knowledge of the alleged factual circumstances surrounding any alleged difficulty in obtaining information on Pierce's whereabouts and in perfecting service upon Pierce. Such a deficient affidavit "may not be considered for that reason alone. [Cit.]" *Mica-Top Fixture Co. v. Frank G. Shattuck Co.*, 124 Ga. App. 100, 101 (1) (183 SE2d 15) (1971). Under these circumstances, we do not hesitate to conclude that counsel's affidavit was wholly deficient under the mandates of OCGA § 9-11-56 (e) to create an issue of fact for jury resolution.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.
*Forbes & Bowman, Morton G. Forbes*, for appellee.