## A95A2338. FARR v. TRUST COMPANY BANK OF SAVANNAH, N. A.

### (469 SE2d 501)

BLACKBURN, Judge.

Nancy Farr brought the underlying defamation action against Bud's Wholesale[1] and Trust Company Bank of Savannah, N. A. (Trust Company) to recover damages allegedly sustained upon being wrongfully prosecuted on a check which had been honored by her bank, Wachovia Bank. By her complaint, Farr alleged, among other things, that Trust Company negligently discharged its duties as the "collecting bank" in presenting her check for payment to Wachovia. Trust Company answered denying any negligence, but moved for partial summary judgment limiting damages to those authorized a collecting bank pursuant to OCGA § 11-4-103 (5). On appeal, Farr contends that the trial court's grant of partial summary judgment for Trust Company was error in that she was a non-party to the Uniform Commercial Code (UCC) transaction involved.

"The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care, and where there is bad faith it includes other damages, if any, suffered by the party as a proximate consequence."[2] OCGA § 11-4-103 (5). Farr argues that the foregoing limitation on damages is inapplicable because she did not participate in a UCC transaction within the meaning of OCGA § 11-1-201 (29).

OCGA § 11-1-201 (29) defines the word "party" as a "person who has engaged in a transaction or made an agreement within this title." It is uncontroverted Farr drew the check in question on her bank and made it payable to Bud's Wholesale in the amount of $79.50. Bud's Wholesale, in turn, deposited the same in its Trust Company account for collection. Farr does not dispute that her check was a negotiable instrument. Having used a negotiable instrument she may be deemed to have done so in contemplation of its presentment for payment upon the action of a collecting bank. Under these circumstances, Farr's assertion that she has not engaged in a transaction governed by the UCC is without merit. See OCGA § 11-3-104 (2) (b) (a check is a writing constituting a negotiable instrument "if it is a draft drawn on

---

[1] Bud's Wholesale is not involved in this appeal.

[2] The court interpreted an identical statute in *Marcoux v. Van Wyk*, 572 F2d 651 (8th Cir. 1978). There the court explained that "[w]hen a bank handles an item carelessly, it is liable for the damages caused by its negligence in the amount of the item reduced by the amount that could not have been collected in any event. [Cit.] In other words, the plaintiffs' measure of damages is the amount they could have collected had the Bank returned the unpaid drafts seasonably; conversely, *if the amounts due were uncollectible in any event, the Bank's negligence caused no damage.*" (Emphasis supplied.) Id. at 653.

a bank and payable on demand"). See also OCGA § 11-4-101 et seq. (UCC rules for the governance of bank deposits and collections).

The UCC is clear. As a collecting bank, Trust Company "[is] required to exercise ordinary care under O.C.G.A. § 11-4-202 and thus has the right to invoke the damage limitation of O.C.G.A. § 11-4-103 (5)." *Alimenta (U.S.A.), Inc. v. Stauffer*, 568 FSupp. 674, 678 (N.D. Ga. 1983). Accordingly, we deem this enumeration of error to be without merit.

*Judgment affirmed. Andrews, J., concurs. McMurray, P. J., concurs specially.*

McMURRAY, Presiding Judge, concurring specially.

I fully agree that the partial grant of partial summary judgment is not erroneous for the reason assigned by plaintiff Nancy C. Farr. I further agree that OCGA § 11-4-103 (5) would limit the liability of Trust Company of Georgia Bank of Savannah, N. A. ("Trust Company") as a collecting bank, but only with respect to any direct pecuniary consequences of Trust Company's negligent handling of the check plaintiff Nancy C. Farr drew and which defendant Bud's Wholesale deposited with Trust Company for collection. But I do not see how that limitation applies to the case sub judice. "An action for wrongful dishonor of checks sounds in tort. *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55, 61 (2c) (390 SE2d 55) (1989). 'This kind of action may be analogized to an action of libel or slander. . . .' *Hilton v. Jesup Banking Co.*, 128 Ga. 30, 32 (1) (57 SE 78) (1907)." *Associated Writers Guild &c. v. First Nat. Bank of Atlanta*, 195 Ga. App. 820 (1) (395 SE2d 23). I recognize in the case sub judice that Trust Company is a collecting bank and not the drawee or payor bank. Nevertheless, the essence of Count 3 is defamation.

Plaintiff's check was presented by Trust Company to her bank in the form of a facsimile, containing the affidavit that the original had been "lost, stolen, or destroyed while in the regular course of [Trust Company's] collection." Wachovia *paid* on this facsimile, and a stop-payment order was issued for the original, in accordance with Trust Company's instructions accompanying the facsimile. Trust Company collected, and the Bud's Wholesale account was credited. Nevertheless, the *original* was subsequently presented to plaintiff's bank for collection by Trust Company. When Wachovia refused payment, Trust Company returned the check to Bud's Wholesale, indicating "the check was not paid[.]" Bud's Wholesale then swore out a "criminal warrant after [plaintiff's] check was returned to Bud's Wholesale marked Insufficient Funds[.]"

The complaint alleged that Trust Company, acting as a depository bank, "undertook to collect instruments such as [plaintiff's] check . . . , negligently signed the statement/affidavit indicating that

the original was lost, stolen or destroyed, when in fact, it had returned that instrument to . . . Bud's Wholesale, indicating . . . that said instrument was not paid and Trust Company . . . [was] further negligent in its attempts to rectify this matter by informing its customer in a timely manner, so as to spare the Plaintiff the injuries and damages[,]" namely false arrest and defamation. Trust Company moved for partial summary judgment, contending that its liability for *any* negligence in the handling of plaintiff's check is limited by the provisions of OCGA § 11-4-103 (5). The trial court granted Trust Company's partial summary judgment motion in part, that is, "as to any claim which arises out of Bank's alleged negligent second presentation of the check. . . ." Standing alone, this appears to be overbroad. In my view, the limitation of OCGA § 11-4-103 (5) would apply only if, for example, plaintiff had been charged twice for the item owing to Trust Company's negligence in handling the item. But plaintiff has alleged no such damage as a proximate cause of Trust Company's negligent presentation of the original after the facsimile was paid. Rather, the gist of the claim is defamation resulting from Trust Company's *accurate* but still tortious statement that the item was returned because of insufficient funds. What Trust Company failed to do, allegedly, is to act with dispatch to make it clear to its customer, Bud's Wholesale, that the returned item had already been paid. I find no support for the application of OCGA § 11-4-103 (5) to such defamatory omissions by the collecting bank. There is no contention in the case sub judice that the collecting bank should be responsible for the debts of the drawer, as was the case in *Alimenta (U.S.A.), Inc. v. Stauffer*, 568 FSupp. 674 (N.D. Ga. 1983), and so I am uncertain how that authority applies here. Even if OCGA § 11-4-103 (5) should apply, there is, in my view, a question whether Trust Company acted promptly and in all good faith to prevent precisely the type of defamation allegedly sustained by plaintiff in this case.

The trial court also denied partial summary judgment in part based on the affidavit testimony indicating that Judy Griffin, Trust Company's officer, "agreed to straighten out the problem of the second presentment and to inform . . . Bud's Wholesale that the check was not dishonored and that Bud's Wholesale had been paid." The trial court reasoned that these promises were "not governed by the Uniform Commercial Code." Since the net result is that a jury will determine whether Trust Company defamed plaintiff, I concur in the judgment.

DECIDED MARCH 4, 1996.

*Simon, Booth & Cook, William M. Simon*, for appellant.

*Brannen, Searcey & Smith, David R. Smith, Hunter, Maclean, Exley & Dunn, William E. Dillard III*, for appellee.