A97A1852. WHITE v. KFC NATIONAL MANAGEMENT COMPANY.
(493 SE2d 244)

JOHNSON, Judge.

Regina White was hospitalized after consuming KFC National Management Company's chicken on June 23, 1991. On March 9, 1992, White filed a lawsuit against KFC, alleging KFC was negligent in selling unwholesome, rancid food and that this negligence proximately caused her illness and subsequent damages. White's first lawsuit was dismissed by the trial court for want of prosecution on January 6, 1995.

White refiled her case on January 19, 1995. White admits this refiling was outside the statute of limitation period and in accordance with the provision of the renewal statute. On November 6, 1995, White voluntarily dismissed her action without prejudice, admittedly outside the statute of limitation period.

White refiled her case on May 3, 1996, within six months of the dismissal. KFC filed a motion to dismiss the refiled action based on the statute of limitation. The trial court granted KFC's motion, and White appeals. We affirm.

1. White asserts that OCGA § 9-2-61 (a) is unconstitutional because it failed to provide her fair notice that the trial court's dismissal would be treated as a dismissal for purposes of employing the renewal statute. This enumeration raises the issue of our jurisdiction to consider this appeal and whether this appeal must be transferred to the Supreme Court since sole jurisdiction to consider a challenge to the constitutionality of a statute rests in the Supreme Court. See the Constitution of the State of Georgia, Art. VI, Sec. VI, Par. II (1). However, since the trial court did not rule on the constitutionality of OCGA § 9-2-61 (a), and since we may not address issues on appeal which were not addressed by the trial court, no question as to the constitutionality of OCGA § 9-2-61 (a) has been preserved for appellate review, and this Court has jurisdiction of the appeal. See *Dye v. State*, 205 Ga. App. 781 (1) (423 SE2d 713) (1992).

2. In her remaining enumeration of error, White contends the trial court erred in counting her January 19, 1995 refiling as a result of the trial court's dismissal as her one renewal permitted under the renewal statute. We disagree.

While OCGA § 9-11-41 (a) permits a plaintiff to dismiss her action twice without prejudice, OCGA § 9-2-61 (a) controls the refiling of these actions, both within and outside the statute of limitation period. OCGA § 9-2-61 (a) provides as follows: "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, . . . ; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once."

Since it is undisputed that both the trial court's dismissal and White's voluntary dismissal occurred outside the statute of limitation period, the trial court was correct in granting KFC's motion to dismiss based on the applicable statute of limitation. See *Worley v. Pierce*, 211 Ga. App. 863, 864 (1) (440 SE2d 749) (1994); *Associated Writers Guild of America v. First Nat. Bank*, 195 Ga. App. 820, 821

(2) (395 SE2d 23) (1990).

When White refiled her complaint on January 19, 1995, she exercised her one and only opportunity to validly renew the action under OCGA § 9-2-61. This second action stood on the same footing as to the limitation period as the original action, which was timely filed on March 9, 1992. The statute did not authorize White to refile the instant action on May 3, 1996. White voluntarily dismissed her renewal action on November 6, 1995.

We find no merit in White's argument that the trial court's dismissal for want of prosecution, and her subsequent refiling under the renewal statute, should not count against her because it was an involuntary rather than voluntary dismissal of her action. It is well-established that a dismissal by the trial court for want of prosecution is deemed a voluntary dismissal for purposes of OCGA § 9-2-61 (a). *Swartzel v. Garner*, 193 Ga. App. 267, 268 (387 SE2d 359) (1989); *Fowler v. Aetna Cas. &c. Co.*, 159 Ga. App. 190, 192 (2) (283 SE2d 69) (1981); *Douglas v. Kelley*, 116 Ga. App. 670 (1) (158 SE2d 441) (1967).

In addition, White admits that she used the renewal statute twice, once after the trial court's dismissal of her action and once after her own voluntary dismissal of the action. However, the renewal statute explicitly states that it may be used only once if the dismissal occurs after the expiration of the applicable statute of limitation, and there is no dispute that both dismissals in this case occurred after the expiration of the applicable statute of limitation. Accordingly, the trial court did not err in granting KFC's motion to dismiss based on the statute of limitation defense.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 30, 1997 — 

*Divida Gude*, for appellant.
*Fain, Major & Wiley, John K. Miles, Jr., Kim M. Jackson*, for appellee.