## A10A1241. EHRHARDT et al. v. MANUEL.
### (700 SE2d 910)

ADAMS, Judge.

Nancy and Wayne Ehrhardt appeal the dismissal of this their third civil action arising out of the same automobile accident. We affirm.

The parties agree that the accident occurred on December 16, 1998 and that the Ehrhardts first filed suit against Patricia Manuel on December 13, 2000. On January 29, 2003, over four years after the accident, the Ehrhardts dismissed the case without prejudice.

The Ehrhardts refiled the suit on July 28, 2003, after the running of the applicable statutes of limitation, pursuant to the renewal provision of OCGA § 9-2-61 (a), which allows a party to dismiss and refile after the running of the statute of limitation, but *only once*: ". . . [I]f the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once." The second suit then proceeded but no written orders were filed for five years. That suit was therefore dismissed by operation of law on July 28, 2008 under the five-year rule, which in the version found in OCGA § 9-2-60 (b), provides:

> Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff.

See also OCGA § 9-11-41 (e) (dismissal for want of prosecution).[1]

On December 22, 2008, more than ten years after the accident, the Ehrhardts filed suit for a third time. They justify their filing by citing to both versions of the five-year rule — OCGA §§ 9-2-60 (c) and 9-11-41 (e), both of which provide that, following automatic dismissal under the five-year rule, if the plaintiff recommences the action within six months of the dismissal, "then the renewed action shall stand upon the same footing, as to limitation, with the original action."

The trial court disagreed with the Ehrhardts' reasoning and dismissed the third action on the ground that OCGA § 9-2-61 (a) allows only one renewal after the running of the statute of limitation. It is from this order that the Ehrhardts appeal.

The Ehrhardts assert that the one-renewal limitation found in OCGA § 9-2-61 is not applicable to cases refiled within six months of a dismissal under the five-year rule of either OCGA § 9-2-60 (c) or § 9-11-41 (e). They agree that after the running of the statute of limitation, they are entitled to only one dismissal under OCGA § 9-2-61, but they contend they are entitled to additional renewals under the five-year rule. Manuel argues that the Ehrhardts have attempted to exercise a right of renewal twice, which is not allowed, and that this case is controlled by *White v. KFC Nat. Mgmt. Co.*, 229 Ga. App. 73, 75 (2) (493 SE2d 244) (1997).

We agree with Manuel and the trial court. In *White*, the plaintiff's case was first dismissed according to the five-year rule, and the plaintiff then refiled after the period of limitation had run but within six months of the dismissal. Id. at 73-74. Nine months later she voluntarily dismissed her case and refiled within six months of that dismissal. This Court held that OCGA § 9-2-61 (a) controls the refiling of actions dismissed under the five-year rule. Id. at 74 (2). Moreover, a dismissal under the five-year rule "is deemed a voluntary dismissal for purposes of OCGA § 9-2-61 (a)," and thus, it falls within the renewal statute. Id. at 75 (2). Thus, *White* controls this case. Here, the Ehrhardts were only entitled to one renewal after the running of the statutes of limitation, and, accordingly, the trial court properly dismissed the case.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

---

[1] "Neither OCGA § 9-2-60 nor § 9-11-41 (e) is in conflict, and they are supplementary to each other, making the rule applicable to all proceedings. [Cit.]" *Goodwyn v. Carter*, 252 Ga. App. 114, 115 (555 SE2d 474) (2001).

DECIDED SEPTEMBER 10, 2010.

*Joseph H. King, Jr.*, for appellants.
*Philip M. Williams, Kay D. Thompson*, for appellee.