## A11A0413. HATTON v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

(712 SE2d 141)

PHIPPS, Presiding Judge.

Acting on her own behalf, Shirley Hatton sued Metropolitan Atlanta Rapid Transit Authority (MARTA) in 2007, alleging she was injured while boarding a MARTA train in 2001. This was the third action Hatton had filed against MARTA based on the incident. MARTA moved to dismiss this action contending, among other things, that it was barred by the statute of limitation.[1] Hatton countered that she was entitled to file a renewal action following her voluntary dismissal of the first action (which had been filed within the two-year limitation period), and that the third action was filed after the court improperly dismissed her second action. The trial court granted MARTA's motion to dismiss the third action, and Hatton appeals. Finding no error, we affirm.

Hatton filed her initial complaint against MARTA on January 8, 2003, alleging that she had been injured on January 23, 2001. Hatton voluntarily dismissed the first action in August 2003. Hatton filed a second complaint against MARTA in February 2004, asserting the same claims. In November 2005, the court entered an order granting MARTA's motion to dismiss the second action based on Hatton's failure to appear for court-ordered mediation; Hatton did not file a notice of appeal from the dismissal of the second action until November 2010.

In November 2007, Hatton filed a third action against MARTA, based on the same incident. The instant appeal is from the court's February 2010 order granting MARTA's motion to dismiss the third action.

1. Hatton's third action was not authorized. The right to renew a previously dismissed action after the statute of limitation has expired is governed by OCGA § 9-2-61, which provides in pertinent part that when any case has been commenced in a state court within the applicable statute of limitation and the plaintiff dismisses the

---

[1] OCGA § 9-3-33 provides a two-year statute of limitation for actions for personal injury.

case, it may be recommenced in a court of this state either within the original applicable period of limitation or within six months after the dismissal, whichever is later.[2] This action was commenced more than four years after the statute of limitation period expired and more than four years after Hatton dismissed the initial action. Moreover, Hatton was entitled to exercise the privilege of renewal only once,[3] which she did when she filed the second action. Accordingly, the trial court did not err in dismissing the third action.[4]

2. Hatton contends that the court erred in dismissing the third action "without reviewing all of the records in [their] entirety." However, there is no evidence that the court failed to consider all records material to this appeal, and we will not presume error from a silent record.[5]

3. To the extent Hatton seeks in this appeal to challenge the court's dismissal of her second action, we lack appellate jurisdiction. We cannot consider that dismissal under OCGA § 5-6-34 (d), because it was not rendered in *this* case, but rather in a separate case.[6]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED JUNE 17, 2011.

Shirley L. Hatton, *pro se.*
*John K. Franks,* for appellee.

---

[2] OCGA § 9-2-61 (a); *Belcher v. Folsom,* 258 Ga. App. 191 (573 SE2d 447) (2002).

[3] See *Worley v. Pierce,* 211 Ga. App. 863, 864 (1) (440 SE2d 749) (1994).

[4] See generally *Witherington v. Adkins,* 271 Ga. App. 837, 843-844 (2) (b) (610 SE2d 561) (2005) (plaintiff precluded from seeking relief where he failed to renew claim within six-month period after dismissal as set out in OCGA § 9-2-61 (a)).

[5] See *Cooper-Bridges v. Ingle,* 268 Ga. App. 73, 76 (1) (601 SE2d 445) (2004).

[6] See *Nelson v. Haugabrook,* 282 Ga. App. 399, 403 (2) (638 SE2d 840) (2006); *Bailey v. McNealy,* 277 Ga. App. 848, 849 (2) (627 SE2d 893) (2006). Compare OCGA § 5-6-34 (d) (allowing review of other judgments, rulings or orders rendered *in the case*); *Mateen v. Dicus,* 281 Ga. 455, 456 (637 SE2d 377) (2006) (where direct appeal is taken from a final judgment, all judgments, rulings or orders rendered *in the case* which are raised on appeal and which may affect the proceedings below shall be reviewed by the appellate court, provided appellant included in the notice of appeal the single judgment that entitled him or her to take the appeal).