**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 1, 2016**

# In the Court of Appeals of Georgia

A16A1469. BURROUGHS v. GEORGIA PORTS AUTHORITY.
A16A1532. BURROUGHS v. GEORGIA PORTS AUTHORITY.

BRANCH, Judge.

In these consolidated appeals, Percy and Zina Burroughs appeal dismissal of their tort claims against the Georgia Ports Authority ("GPA") in a suit arising out of injuries Mr. Burroughs suffered when a container was dropped onto the flatbed truck that he was driving. The trial court held that Mr. Burroughs was not authorized to file a second renewal action after the running of the statute of limitations and that Mrs. Burroughs filed suit after the applicable statue of limitations had run for her claim of loss of consortium. For the reasons shown below, we affirm.

Our review of a trial court's ruling on a motion to dismiss is de novo. *Pinnacle Benning v. Clark Realty Capital*, 314 Ga. App. 609, 612 (724 SE2d 894) (2012).

The record in the two appeals shows the following undisputed procedural facts. Mr. Burroughs was injured on January 27, 2012, and he gave ante litem notice of a claim to the relevant state agencies on December 5, 2012, as required by the Georgia Tort Claims Act ("GTCA").[1] Mr. Burroughs filed his initial complaint (the "first action") on November 15, 2013, but voluntarily dismissed that action without prejudice on May 8, 2014. Mr. Burroughs re-filed his action on November 7, 2014, within six months of the prior dismissal. In that second action, Mrs. Burroughs appeared for the first time as a co-plaintiff and asserted a claim of loss of consortium. GPA moved to dismiss the second action on the grounds that the plaintiffs had failed to attach copies of relevant ante litem notices as required under the GTCA and that Mrs. Burroughs's claim was barred by the applicable statute of limitations. Almost three months after GPA moved to dismiss, the plaintiffs amended the complaint to attach a copy of Mr. Burroughs's December 5, 2012 ante litem notice. On April 8, 2015, however, the trial court granted the motion to dismiss *without prejudice* on the

---

[1] OCGA § 50-21-26 (a) provides as follows:
    No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as [set forth in this Code section.]

2

ground that the amendment was filed outside of the 30-day time period for amendments set forth in OCGA § 50-21-26 (a) (4).[2]

On July 14, 2015, more than a year after the voluntary dismissal of the first action and more than three years after the initial incident, the plaintiffs then filed the present action (the "third action") against GPA, raising the same claims raised in the earlier actions. GPA again moved to dismiss. The trial court granted the motion with regard to Mr. Burroughs on the grounds that (1) Mr. Burroughs's claims were governed by a two-year statute of limitations; (2) the third action could not be a renewal of the first action because the third action was not filed within six months of the dismissal of the first action as required; (3) the second action was the only renewal available to the plaintiffs and that case had been dismissed; and (4) even if the second action were deemed void and did not count as a renewal action, the third

---

[2] OCGA § 50-21-26 (a) (4) provides as follows:
   Any complaint filed pursuant to this article must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits. If failure to attach such exhibits to the complaint is not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice[.]

3

action was untimely as a renewal of the first action as already shown. Finally, the court initially held that Mrs. Burroughs's claim was governed by the four-year limitation period found in OCGA § 9-3-33 for claims of loss of consortium and that, therefore, her claim was timely filed. In response to a motion for reconsideration, however, the court also dismissed Mrs. Burroughs's claim because it was time barred by the two-year limitation of the Georgia Tort Claims Act. Mr. and Mrs. Burroughs appealed separately, but we have consolidated their appeals for review.

1. The GPA is a state agency entitled to the defense of sovereign immunity. *Miller v. Ga. Ports Auth.*, 266 Ga. 586, 589 (470 SE2d 426) (1996). The state has waived that immunity for the torts of state officers and employees while acting within the scope of their official duties or employment by enacting the GTCA, id., but only within the limitations of the act itself. OCGA §§ 50-21-21 (a); 50-21-23; *Ga. Ports Auth. v. Harris*, 274 Ga. 146, 149 (2) (549 SE2d 95) (2001). One of those limitations is that the GTCA has its own two-year statute of limitations:

> For tort claims and causes of action which accrue on or after July 1, 1992, any tort action brought pursuant to this article is forever barred unless it is commenced within two years after the date the loss was or should have been discovered.

4

OCGA § 50-21-27 (c); see *Sylvester v. Dept. of Transp.*, 252 Ga. App. 31, 32 (555 SE2d 740) (2001). Thus, any claim for which immunity is waived by the GTCA is subject to a two-year limitations period. Accordingly, even if Mrs. Burroughs's claim of loss of consortium is a tort for which sovereign immunity is waived by the GTCA,[3] which we need not decide, Mrs. Burroughs filed her claim outside of the two-year limitation period and it is therefore barred.[4] The trial court therefore correctly dismissed Mrs. Burroughs's suit.

With regard to Mr. Burroughs, he filed the first action approximately 22 months after his injury and thus within the applicable statute of limitations. But by

[3] "One spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other." *Douberly v. Okefenokee Rural Elec. Membership Corp.*, 146 Ga. App. 568, 569 (3) (246 SE2d 708) (1978) (citation and punctuation omitted); *Henderson v. Hercules, Inc.*, 253 Ga. 685, 685 (324 SE2d 453) (1985) (same). We find no Georgia law directly holding that a claim of loss of consortium is itself a tort for which sovereign immunity is waived by the GTCA. Compare *Ga. Ports Auth. v. Harris*, 243 Ga. App. 508, 515-516 (8) (533 SE2d 404) (2000) (holding that ante litem notice of husband's claim, as required under GTCA, did not give notice of wife's loss of consortium claim), aff'd and disapproving on other grounds, 274 Ga. 146, 150 (549 SE2d 95) (2001); *Dillingham v. Doctors Clinic, P. A.*, 236 Ga. 302 (223 SE2d 625) (1976) (characterizing a loss of consortium claim as "sounding in tort").

[4] If Mrs. Burroughs's claim of loss of consortium is not a claim for which sovereign immunity was waived by the GTCA, then it is obviously barred by sovereign immunity unless sovereign immunity otherwise has been waived, which has not been shown.

5

the time that Mr. Burroughs voluntarily dismissed the first action in May 2014, the limitation period had expired, and, accordingly, the second and third actions were filed outside of the limitation period. Accordingly, whether Mr. Burroughs's third action relates back to the time that he filed his first action is controlled by the renewal statute.

2. Mr. Burroughs was authorized to file the second action as a renewal action under OCGA § 9-2-61 because he filed the second action within six months after the dismissal of his first action.

> When any case has been commenced in either a state or federal court within the applicable statute of limitations *and the plaintiff discontinues or dismisses the same*, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, . . . .

OCGA § 9-2-61 (a) (emphasis supplied).[5] Mr. Burroughs was therefore authorized

to renew the first action. But because he dismissed the first action outside of the

limitation period, Mr. Burroughs was entitled to renew his suit only once, as is clearly

stated in the remainder of OCGA § 9-2-61 (a):

> provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

Thus, given that his second action was dismissed, Burroughs was not entitled to file

the third action as a second renewal of the first action. *Hatton v. MARTA*, 310 Ga.

App. 141, 141 (1) (712 SE2d 141) (2011) (third action not authorized after second

---

[5] Despite the language providing that renewal may occur after "the plaintiff discontinues or dismisses the [case]," it has been repeatedly held by this Court that this right applies "to involuntary, as well as voluntary dismissals, where the merits of the case are not adjudicated." *Owens v. Hewell*, 222 Ga. App. 563, 564 (474 SE2d 740) (1996) (citation omitted). The Supreme Court, too, has read a prior version of the renewal statute to allow renewals following involuntary dismissals not on the merits. See *Clark v. Newsome*, 180 Ga. 97 (178 SE 386) (1935). And although the renewal statute was revised in 1967 to remove language allowing renewals "[i]f a plaintiff shall be nonsuited," see Ga. L. 1967, p. 226, § 39; compare *Chance v. Planters Rural Tel. Co-op.*, 219 Ga. 1, 3 (131 SE2d 541) (1963) (quoting prior law), the decision in *Clark* did not rely on the nonsuit language in deciding that renewals were allowed following involuntary dismissals not on the merits. See *Clark*, 180 Ga. at 101-102. At any rate, we need not consider the matter because the parties have not raised it and if renewals were not allowed following involuntary dismissals, it would provide another ground on which to affirm.

action was dismissed by the court where plaintiff had already used the renewal privilege in filing the second action); *White v. KFC Nat. Mgmt. Co.*, 229 Ga. App. 73, 75 (2) (493 SE2d 244) (1997) (after trial court dismissed first action, attempted second renewal outside of the running of the statute of limitations was prohibited under OCGA § 9-2-61); *Worley v. Pierce*, 211 Ga. App. 863, 864 (1) (440 SE2d 749) (1994) (third action not authorized where plaintiff voluntarily dismissed two earlier actions after the expiration of the applicable limitation period). Nor was he allowed to file the third action as a renewal of the first action because the third action was filed more than six months after the dismissal of the first action. OCGA § 9-2-61 (a).

Burroughs argues, however, that under the present circumstances, the involuntary dismissal of the second action should not be deemed a voluntary dismissal and that, therefore, Burroughs's third action constituted his one and only attempt to renew his first action. He states that the second action was dismissed on

> a hypertechnical procedural requirement of the Georgia Tort Claims Act . . . which requires dismissal of a complaint for failure to attach the required ante litem notice if such failure isn't cured within 30 days after the state raises such issue by motion.

Burroughs claims that he complied with the requirement in spirit by eventually filing an amended complaint attaching a copy of his ante litem notice. He adds that the

8

Georgia Practice Act and the Tort Claims Act are designed to avoid harsh results, as well as undue dismissals, without addressing the merits of a case. He concludes that because the third action was filed within six months of the dismissal of the second action, he should be allowed to file another renewal.

This argument is flawed, however, because strict compliance with the provisions of the GTCA is a condition precedent to Mr. Burroughs's right to file suit against a state agency. *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007); *Sylvester*, 252 Ga. App. at 32. These provisions include the requirement that the plaintiff attach a proper copy of the ante litem notice to the complaint. *Baskin v. Ga. Dept. of Corrections*, 272 Ga. App. 355, 358-359 (2) (612 SE2d 565) (2005) (amendment to complaint attempting to attach proper copy of ante litem notice was untimely when filed one day beyond the thirty–day requirement of OCGA § 50-21-26 (a) (4)). Such strict compliance is required because "the GTCA represents a limited waiver of the State's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts." *Cummings*, 282 Ga. at 824 (citation omitted). Accordingly, Mr. Burroughs was only entitled to one renewal as plainly provided in OCGA § 9-2-61 (a).

For the above reasons, we find no error in the trial court's rulings dismissing the claims of Mr. and Mrs. Burroughs.

*Judgments affirmed. Ellington, P. J., and Mercier, J., concur*.