**FIFTH DIVISION
MCFADDEN, P. J.,
GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 12, 2022**

# In the Court of Appeals of Georgia

A22A0930. GREEN v. GEORGIA DEPARTMENT OF
 CORRECTIONS et al.

LAND, Judge.

Stanley Green alleges that, as a result of negligent care he received while incarcerated from March 27, 2018 to June 16, 2018, he suffered a partial amputation of his leg due to infection. After his lawsuit in federal court against individual nurses and doctors employed by the Board of Regents of the University System of Georgia ("BOR") and the Georgia Department of Corrections ("DOC") was dismissed, Green sued the BOR and DOC in the Superior Court of Butts County. The superior court dismissed Green's claims on the ground that they were time-barred, resulting in this appeal. Because the trial court correctly concluded that Green's claims are untimely and cannot be saved by Georgia's renewal statute (OCGA § 9-2-61 (a)) or the tolling

provision of the federal supplemental jurisdiction statute (28 USC § 1367 (d)), we affirm.

A motion to dismiss "is properly granted when a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible." *Harpe v. Hall*, 266 Ga. App. 340, 340 (596 SE2d 666) (2004). When a question of law is at issue, such as whether an action is barred by the statute of limitation, "we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citation and punctuation omitted.) Id.

*The Federal Lawsuit.* The record shows that on May 20, 2020, Green filed suit in the United States District Court for the Middle District of Georgia against four state-employed doctors and nurses, individually, who oversaw his healthcare while he was an inmate with the Georgia Department of Corrections as well as against the DOC and Georgia Correctional Healthcare ("GCHC"). See *Green v. Dreaden et al.*, Civil Action No. 5:20-CV-00195 ("*Green I*"). Green's complaint alleged that nurses and doctors employed by the DOC and BOR provided him with inadequate medical care for a cut on his foot between March 27, 2018, and June 16, 2018, which resulted in an infection that required a portion of his leg to be amputated.

2

The complaint in *Green I* asserted three claims: (1) against individual nurses and doctors for state law tort causes of action (ordinary negligence, gross negligence and medical malpractice); (2) against individual nurses and doctors for federal civil rights claims (deliberate indifference to his medical needs under the Eighth Amendment); and (3) against DOC and GCHC for federal civil rights violations (supervisory liability and deliberate indifference to his medical needs under the Eighth Amendment). BOR was not a defendant in *Green I*, and Green did not assert state law tort claims against DOC or GCHC.

In *Green I*, the district court granted DOC and GCHC's motion to dismiss the claims against them on the grounds that those claims were barred by sovereign immunity. The district court also granted the individual defendants' motion for partial summary judgment on the state law tort causes of action on the ground that, because these individual doctors and nurses were acting within the scope of their employment, the tort claims should have been asserted against "the agency employing them." See *Hartley v. Agnes Scott College*, 295 Ga. 458, 462-65 (2) (a) (759 SE2d 857) (2014) (lawsuits under the Georgia Tort Claims Act must be brought against "only the state government entity for which the state officer or employee was acting," and not against the state officer or employee individually). The trial court's order

3

acknowledged that "ordinarily, the Board of Regents and Georgia Department of Corrections would be substituted for" the individual defendants, but declined to make that substitution because the Georgia Tort Claims Act's waiver of sovereign immunity "does not include claims brought in federal court." See OCGA § 50-21-25 (b) (in the event that a state officer or employee is individually named for an act or omission for which the state is liable under the Georgia Tort Claims Act, "the state government entity for which the state officer or employee was acting must be substituted as the party defendant"); OCGA § 50-21-23 (Under the Georgia Tort Claims Act, "[t]he State does not waive any immunity with respect to actions brought in the courts of the United States"). Green did not move to substitute the individual defendant's employing state agencies as defendants in the federal action and did not appeal from the district court's order. The federal civil rights claims remain pending against the individual doctors and nurses.

*The State Lawsuit.* On April 22, 2021, approximately one month after the district court's order, Green filed the instant lawsuit ("*Green II*") in the Superior Court of Butts County against the DOC and the BOR alleging state law tort claims. The complaint asserts claims against these defendants for the alleged ordinary

4

negligence, gross negligence, and medical malpractice of the individual doctors and nurses who treated Green during his incarceration.

The DOC and BOR filed a motion to dismiss, arguing, inter alia, that Green's claims were barred by the statute of limitation and that the case was not a valid renewal of *Green I* because it involved different defendants. In response, Green argued that *Green II* was not time-barred because 28 U.S.C. § 1367 (d) tolled his state law tort claims against BOR and DOC while those claims were pending against the individual state employees in *Green I*. He also argued that *Green II* was a proper renewal because, under the Georgia Tort Claims Act, DOC and BOR had been automatically substituted for the individual defendants. See OCGA § 50-21-25 (b).

The trial court granted DOC and BOR's motion to dismiss, concluding that *Green II* was time-barred by the statute of limitations and that it was not subject to tolling provisions. Additionally, the trial court noted that Green failed to perfect service of process as mandated by the Georgia Tort Claims Act and so *Green I* was a void action that could not be renewed. Green appeals from that order.

1. *Applicable Statute of limitation.* Tort claims asserted against the State are subject to a two-year limitation period. See OCGA § 50-21-27 (c) ("any tort action brought pursuant to [the Georgia Tort Claims Act] is forever barred unless it is

5

commenced within two years after the date the loss was or should have been discovered"). See also *Burroughs v. Ga. Ports Auth.*, 339 Ga. App. 294, 297 (1) (793 SE2d 538) (2016).

Green's complaint in *Green II* alleges that the DOC and BOR's alleged negligence or medical malpractice occurred between March 27, 2018 and June 16, 2018. Thus, Green ordinarily would have been required to file suit by June 16, 2020. Because of the Covid-19 pandemic, however, the Georgia Supreme Court entered several judicial emergency orders that extended this period by 122 days. See *First Merit Credit Services v. Fairway Aviation, LLC*, 359 Ga. App. 829 (860 SE2d 126) (2021) (discussing the Georgia Supreme Court's judicial emergency orders and their impact on deadlines, including the statute of limitation). Green was therefore required to file his suit by October 16, 2020. Instead, he filed *Green II* on April 22, 2021.

2. Green contends that the superior court erred in dismissing *Green II* because it was a valid renewal of *Green I* under state law, filed within OCGA § 9-2-61's six-month grace period. This argument is without merit. *Green II* is not a valid renewal under OCGA § 9-2-61 because (1) Green failed to assert his state law tort claims against the same defendants in *Green I* and *Green II*, and (2) he failed to perfect

6

service of process against the defendant state agencies in *Green I* as required by the Georgia Tort Claims Act.

A "properly filed renewal action stands on the same footing as the original action with respect to statute of limitation." *Coen v. Aptean, Inc.*, 356 Ga. App. 468, 479 (1) (847 SE2d 835) (2020). Thus, "if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of limitation may have expired." (Citation and punctuation omitted.) Id. See OCGA § 9-2-61 ("[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitation and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or a federal court either within the applicable period of limitation or within six months after the discontinuance or dismissal, whichever is later"). If the statute of limitation has not run, the plaintiff "may add new parties and new claims to the refiled action; however, if the statute of limitation has expired, the plaintiff is limited to suing the same defendants under the same theories of recovery." *Ward v. Dodson*, 256 Ga. App. 660, 661 (569 SE2d 554) (2002). If the statute of limitation has run, the new complaint must be "substantially the same as the original as to the essential parties. The renewal

statute may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued." Id.

Here, because *Green II* was filed *after* the expiration of the statute of limitation, he is limited to suing the same defendants he sued and under the same theories of recovery as he did in *Green I.* Green claims that the individual defendants named in *Green I* and the state entities in *Green II* "are substantially the same" and therefore this renewal action can be brought even if the original statute of limitation has run. This is incorrect. While a renewal action must assert "substantially the same" cause of action that was asserted in the original suit, a plaintiff is not allowed to add parties (even closely related parties) to the renewal action after the expiration of the statute of limitation. See *Costello v. Bothers*, 278 Ga. App. 750, 752 (3) (629 SE2d 599) (2006) (renewal action filed against owner of vehicle not permitted where original action was filed against driver of same vehicle) (overruled on different grounds by *Ragan v. Mallow*, 319 Ga. App. 443, 447 (2) (744 SE2d 337) (2012);*Ward v. Dodson*, 256 Ga. App. at 661 (renewal action filed against deputy sheriff in his official capacity not permitted where original action was filed against deputy sheriff in his individual capacity); *Collins v. Byrd*, 204 Ga. App. 893, 895 (2) (420 SE2d 785) (1992) (amendment of renewal action filed against DOT to add DOT

8

employees not permitted where those employees were not named as defendants in original action); *Wagner v. Casey*, 169 Ga. App. 500, 501 (2) (313 SE2d 756) (1984) (renewal action not permitted against corporation not named as defendant in original suit).

Green's argument that the party-substitution provision of OCGA § 50-21-26 (b) means that the individual defendants in *Green I* and the state entity defendants in *Green II* are "substantially the same" is without merit. A lawsuit against a state entity is authorized by the State's limited waiver of sovereign immunity in OCGA § 50-21-23 (a).[1] OCGA § 50-21-25 (b) provides that a person bringing an action against the State "must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." It is true that in the event a state employee is individually named "for an act for which the state is liable . . . , the state government entity for which the state

---

[1] OCGA § 50-21-23 (a) provides, in relevant part, that
The State waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitation set forth in this article. . . .

9

officer or employee was acting must be substituted as the party defendant." OCGA § 50-21-25 (b). However, in this case, Green did not seek to substitute the state agencies for the individual defendants, the federal court declined to do so sua sponte, and Green did not appeal from that order. Because Green had not substituted the DOC or the BOR for the individual defendants in *Green I*, he cannot rightly contend that the tort claims in this case are being asserted against the same defendants that he asserted those claims against in the original action. That fact is fatal to his argument.

Further, even if the state agencies sued in *Green II* had been automatically substituted for the individual defendants in the federal lawsuit (a proposition we reject), *Green II* would still not be a valid renewal of *Green I* under OCGA § 9-2-61 because he did not provide ante litem notice or perfect service in accordance with the Georgia Tort Claims Act against the state entities in *Green I*. "It is well settled in Georgia law that in order for a case to qualify as a renewal action, the earlier filed suit must have been a valid action *with proper service on the defendant*." *Black v. Knight*, 231 Ga. App. 820, 821 (499 SE2d 69) (1998) (emphasis supplied). See also *Alston v. Owners Ins. Co.*, 361 Ga. App. 146, 148 (863 SE2d 397) (2021) (OCGA § 9-2-61 applies "only to actions that are valid prior to dismissal," and an action is invalid "if service is not perfected" because "the filing of a complaint without perfecting service

does not constitute a pending suit"); *Black*, 231 Ga. App. at 821 ("It is well settled in Georgia law that in order for a case to qualify as a renewal action, the earlier filed suit must have been a valid action *with proper service on the defendant*") (emphasis in original). Although Green served the individual defendants in *Green I,* he did not complete the requirements to serve a state agency under the Georgia Tort Claims Act.

The Georgia Tort Claims Act requires that a lawsuit against such a state agency under the Act "may not be commenced unless and until the plaintiff has provided prior written notice of the tort claim to both the Risk Management Division of the State's Department of Administrative Services and "the state government entity, the act or omissions of which are asserted as the basis of the claim." *Hartley*, 295 Ga. at 464 (2) (b), citing OCGA § 50-21-26 (a) (2). See also OCGA § 50-21-26 (a) (5) (A) (The ante litem notice must identify, among other things, "[t]he name of the state government entity, the acts or omissions of which are asserted as the basis of the claim"). A plaintiff is also required to serve "the chief executive officer of the state government entity involved," as well as the director of the Department of Administrative Services Risk Management Division. OCGA § 50-21-35. Green did not comply with these ante litem and service requirements in *Green I.* He cannot now resurrect a case against a *different* defendant and avoid the consequences of his

11

failure to sue the correct defendant and comply with the ante litem notice and service requirements of the Georgia Tort Claims Act by bringing suit in a state venue. See *Wang v. Moore*, 247 Ga. App. 666, 669 (1) (544 SE2d 486) (2001) (because plaintiff "could sue the Board of Regents only for damages allegedly arising out of the performance of [state employee's] duties, and because he did not name the Board of Regents as a party nor did he properly serve ante litem notice before suit was filed. . . any suit against the Board of Regents was 'procedurally foreclosed'").

Green's arguments "that the requisite state agencies had actual notice [and thus should be subject to the relation-back provision of OCGA § 9-11-15 (c)] contains no weight, as this fact has previously been held to be irrelevant" when there was a failure to comply with the ante litem provisions of the Georgia Tort Claims Act. *Dempsey v. Bd. of Regents of the Univ. Sys. of Georgia,* 256 Ga. App. 291, 293 (568 SE2d 154) (2002). For each of these reasons, Georgia' renewal statute does not save Green's time-barred claims.

3. Green argues that the trial court erred in dismissing *Green II* because his professional negligence claim was tolled under 28 USC § 1367 (d) while it was pending in federal court. We disagree.

12

The federal supplemental jurisdiction statute, 28 USC § 1367, contains a tolling provision for supplemental state law claims that are included in a federal civil action but are later dismissed. Section 1367 provides in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. . . .

> (d) The period of limitation for any claim [for which the federal court exercises its supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

In *Green I*, Green filed state law tort claims against individual doctors and nurses who treated him during his incarceration. If Green had sued those same individual defendants in superior court in *Green II*, then the tolling provision of 28 USC § 1367 (d) would apply. But that is not what he did. Green instead filed his state law tort claims in *Green II* against *different* defendants—DOC and BOR. Because

13

DOC and BOR were not named as defendants for Green's state law tort claims in *Green I*, 28 USC § 1367 (d) does not apply.

Even if we assume for purposes of argument that the DOC and BOR were automatically substituted for the individual defendants (a proposition we reject, as stated above), the federal tolling provision "does not toll the limitation period for state law claims asserted against nonconsenting state defendants" sued in federal court when those claims are dismissed on Eleventh Amendment grounds. *Raygor v. Regents of the Univ. of Minn.*, 534 U. S. 533 (122 SCt 999, 152 LE2d 27) (2002). In *Raygor*, the plaintiffs asserted state law claims against a state university in federal court. Id. 534 U. S. at 536 (II). The district court dismissed the claims based on Eleventh Amendment immunity, and the plaintiffs refiled them in state court after the statute of limitation expired. Id. To avoid the time bar, the plaintiffs argued that 28 USC § 1367 (d) tolled the limitation period for the state law claims while they were pending in federal court. The Supreme Court disagreed and held that "the tolling provision does not apply to claims in federal court filed against nonconsenting state[s]." Id. at 542 (II) (To hold otherwise would "require a State to defend against a claim in state court that had never been filed in state court until some indeterminate time after the original limitation period had elapsed"). Here, the State of Georgia has

14

not consented for its agencies or employees to be sued in federal court based on state law tort claims. See OCGA § 50-21-23 (The Act provides that "[t]he state does not waive any immunity with respect to actions brought in the courts of the United States"); *Jude v. Morrison*, 534 F.Supp.2d 1365, 1368 (II) (N.D. Ga. 2008) (dismissing state law tort claims filed against the State agency in federal court). Thus, the tolling provision of 28 USC § 1367 (d) does not apply to extend the statute of limitation in *Green II*. See *Raynor*, 534 U. S. at 536 (II).

Based on the above, the superior court did not err in granting the defendants' motion to dismiss Green's complaint on the grounds that it was barred by the statute of limitation.

*Judgment affirmed. McFadden, P. J., and Gobeil, J., concur.*