## A01A2292. SYLVESTER et al. v. DEPARTMENT OF TRANSPORTATION.
### (555 SE2d 740)

ELDRIDGE, Judge.

Lynn M. Sylvester and Steven K. Sylvester appeal from the grant of summary judgment against them in their Georgia Tort Claims Act action, which arose February 28, 1997, against the Department of Transportation, because they never served the Department of Administrative Services, Risk Management Division, in their original suit filed February 26, 1999; voluntarily dismissed the suit prior to service on the DOAS Risk Management Division; and attempted to renew the action after the statute of limitation had run. The renewal suit was ineffective to come within the six-month grace period, because the first suit was never served on the DOAS Risk Management Division for there to be a conditional waiver of sovereign immunity so that the first suit was a valid prior pending action prior to the running of the statute of limitation that was renewable. We affirm.

On February 28, 1997, Lynn Sylvester hydroplaned on standing water on a state highway, which was allegedly caused by the DOT's negligent maintenance. On February 26, 1999, she and her husband Steven Sylvester filed suit against the DOT in the Lumpkin Superior Court in case no. 99-CV-110-DB. This suit was never served upon the DOAS Risk Management Division, but was served on DOT only. On January 10, 2000, plaintiffs voluntarily dismissed this action without prejudice. On June 9, 2000, the plaintiffs filed this action, case no. 00-CV-297-DB, in the Lumpkin Superior Court as a renewal action, which was served on both DOT and the DOAS Risk Management Division for the first time after the statute of limitation had run. DOT moved for summary judgment based on the attachment of the statute of limitation.

The Georgia constitutional amendment of 1974 gave constitutional status to sovereign immunity for the State of Georgia and permitted the General Assembly to statutorily provide the terms and conditions of its waiver but prevents the courts from abrogating or modifying the immunity.[1] See Art. I, Sec. II, Par. IX, Ga. Const. of 1983; *Gilbert v. Richardson*, 264 Ga. 744, 745-746 (1) (452 SE2d 476) (1994); *Pollard v. Bd. of Regents &c. of Ga.*, 260 Ga. 885, 886-888 (401 SE2d 272) (1991); *Clark v. State of Ga.*, 240 Ga. 188 (240 SE2d 5) (1977).

---

[1] Ga. L. 1973, pp. 1489-1490, was a constitutional resolution that put before the electors of Georgia the creation of constitutional sovereign immunity in the 1945 Georgia Constitution. The 1976 Georgia Constitution reincorporated sovereign immunity. The 1983 Georgia Constitution provided for the General Assembly to create provisions for waiver of sovereign immunity. See *Toombs County v. O'Neal*, 254 Ga. 390, 391 (330 SE2d 95) (1985).

The General Assembly granted a limited waiver of sovereign immunity with certain conditions precedent to the waiver; "[t]he state waives its sovereign immunity only to the extent and in the manner provided in this article." OCGA §§ 50-21-23 (b); 50-21-35; *Christensen v. State of Ga.*, 219 Ga. App. 10, 13 (7) (464 SE2d 14) (1995). Sovereign immunity of the State is waived only upon strict compliance with the Act. *Kim v. Dept. of Transp.*, 235 Ga. App. 480, 481-482 (2) (510 SE2d 50) (1998) (failure to give ante litem notice); *McGee v. State of Ga.*, 227 Ga. App. 107, 108-109 (1) (487 SE2d 671) (1997) (same); *Howard v. State of Ga.*, 226 Ga. App. 543, 544-545 (1) (487 SE2d 112) (1997) (failure to give ante litem notice according to the statute). Substantial compliance with the Act is inadequate to waive sovereign immunity. *McGee v. State of Ga.*, supra at 108-109 (1); *Howard v. State of Ga.*, supra at 544-545.

Under the Tort Claims Act,

to perfect service of process the plaintiff must both: (1) cause process to be served upon the chief executive officer of the state government entity involved at his or her usual office address; and (2) cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address. The time for the state to file an answer shall not begin to run until process has been served upon all required persons.

OCGA § 50-21-35. Thus, the failure to serve the director of the DOAS Risk Management Division did not comply with the condition precedent to waiver of sovereign immunity, and the State had no duty to respond to the first timely filed suit.

If a condition precedent to waiver of sovereign immunity has not been satisfied, then the trial court lacks subject matter jurisdiction and no valid action is pending to toll the running of the statute of limitation. See OCGA § 50-21-26 (a) (3); *Howard v. State of Ga.*, supra at 543 (failure to give ante litem notice bars action); *Howard v. Miller*, 222 Ga. App. 868, 871 (1) (476 SE2d 636) (1996) (same).

The Georgia Tort Claims Act has its own statute of limitation, which should be read in conjunction with the regular statute of limitation; "[f]or tort claims and causes of action which accrue on or after July 1, 1992, any tort action brought pursuant to this article is forever barred unless it is commenced within two years after the date the loss was or should have been discovered." OCGA § 50-21-27 (c); see *Doe #102 v. Dept. of Corrections*, 268 Ga. 582, 583 (2) (492 SE2d 516) (1997). When a suit has been filed within the statute of limitation and dismissed after the statute has attached, a party may dismiss, pay all costs, and recommence the action by a new filing of the

suit. OCGA § 9-2-61 (a); *Brooks v. Douglas,* 154 Ga. App. 54, 55-57 (1) (267 SE2d 495) (1980). However, the pending action must have been a valid action that is subject to renewal. *Birmingham Fire Ins. Co. &c. v. Commercial Transp.,* 224 Ga. 203, 204 (1) (160 SE2d 898) (1968); *Douglas v. Kelley,* 116 Ga. App. 670 (3) (158 SE2d 441) (1967); *Morrison v. Bowen,* 106 Ga. App. 464 (2) (127 SE2d 194) (1962). A void action cannot be renewed after the statute of limitation has run. *Grier-Baxter v. Sibley,* 247 Ga. App. 560, 562 (2) (545 SE2d 5) (2001) (dental malpractice suit void for failure to timely file affidavit and could not be renewed); *Collins v. West American Ins. Co.,* 186 Ga. App. 851, 852 (2) (368 SE2d 772) (1988) (under prior act federal court lacked subject matter jurisdiction and could not be renewed).[2] Where there was no service in the prior action, lack of service made the prior suit void and not voidable. *Clark v. Dennis,* 240 Ga. App. 512 (1) (522 SE2d 737) (1999); *Hudson v. Mehaffey,* 239 Ga. App. 705, 706 (521 SE2d 838) (1999); *Garcia v. Virden,* 236 Ga. App. 539, 540 (512 SE2d 664) (1999).

In this case, plaintiffs failed to strictly comply with the conditions precedent to the waiver of sovereign immunity and failed to have service made on the DOAS Risk Management Division; therefore, there was no valid pending action that could be renewed after the running of the statute of limitation in this action, and the defendant was entitled to summary judgment as a matter of law.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 12, 2001.

*Douglas R. Daum,* for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General,* for appellee.

---

[2] OCGA § 9-2-61 (c) added by amendment Ga. L. 1990, p. 876, § 1.