S07G0319. CUMMINGS v. GEORGIA DEPARTMENT OF JUVENILE JUSTICE.

(653 SE2d 729)

HUNSTEIN, Presiding Justice.

In *Georgia Dept. of Juvenile Justice v. Cummings*, 281 Ga. App. 897 (637 SE2d 441) (2006), the Court of Appeals held that appellant Carlise Cummings' complaint should have been dismissed for failure to comply with the ante litem notice provisions of the Georgia Tort Claims Act ("GTCA"). We granted certiorari to review that decision, and, for the reasons that follow, we reverse.

Cummings was injured in December 2002 when her car collided with a van driven by an employee of the Georgia Department of Juvenile Justice ("DJJ"). The van did not bear any decals or insignia identifying it as belonging to DJJ. The accident report identified the van's owner as the State of Georgia and listed the van's VIN and license plate number; the name, address and telephone number of the driver, Gary Player; and the name and address of the van's passenger, who was also a DJJ employee.

In July 2003, Cummings, through counsel, sent an ante litem notice of claim against the State of Georgia by certified mail, return receipt requested, to the Risk Management Division of the Georgia Department of Administrative Services ("DOAS"). The notice stated that Cummings' claim arose from the negligent operation of a motor vehicle by Player, who was incorrectly identified as an employee of the Georgia Department of Transportation ("DOT"). Believing DOT to be the responsible agency, Cummings mailed a copy of the notice of claim to DOT.

After receiving the notice of claim, a DOAS adjuster proceeded to investigate the incident and identified the driver as an employee of DJJ rather than DOT. In November 2003, DOAS extended a $15,000 settlement offer to Cummings, which she rejected. In June 2004, Cummings' attorney contacted the adjuster to discuss a possible settlement and was informed that the van's driver was a DJJ employee and that, because no ante litem notice had been sent to DJJ, Cummings had not complied with the GTCA and no offer would be

extended. Cummings then sent an amended ante litem notice naming DJJ to the DOAS Risk Management Division and sent a copy thereof to DJJ.

In August 2004, Cummings filed suit, naming as defendants the State of Georgia, DOT, DJJ, an unknown department within the State of Georgia, and Player. All the defendants moved to dismiss on various grounds; the trial court granted the motion as to all the defendants except DJJ.[1] The court rejected DJJ's argument that Cummings had failed to provide timely ante litem notice, holding that Cummings had complied with the GTCA's ante litem notice requirements by sending the notice of claim to the DOAS Risk Management Division and a copy to DOT, the agency she asserted to be responsible "based on [her] knowledge and belief at the time." On interlocutory appeal, the Court of Appeals reversed, holding that Cummings' failure to provide a copy of her notice of claim to DJJ within 12 months of the date of the collision violated the ante litem notice provisions and thus deprived the trial court of subject matter jurisdiction over Cummings' claims. *Georgia Dept. of Juvenile Justice v. Cummings,* supra, 281 Ga. App. at 903.

The GTCA requires a party with a potential tort claim against the State to provide the State with notice of the claim prior to filing suit thereon. OCGA § 50-21-26. Such notice must be given in writing within 12 months of the date the party's loss was or should have been discovered. OCGA § 50-21-26 (a) (1). The notice must identify, "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances," OCGA § 50-21-26 (a) (5), the state government entity whose acts or omissions are asserted as the basis for the claim, id. at (A); the time and place of the occurrence from which the claim arose, id. at (B) and (C); the nature and amount of the loss suffered, id. at (D) and (E); and the acts or omissions that caused the loss. Id. at (F). In addition, notice of the written claim must be

> mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.

---

[1] The trial court dismissed Cummings' claims against the State of Georgia because the GTCA requires that the claimant name as party-defendant only the responsible government entity, see OCGA § 50-21-25 (b); against DOT and the unknown department due to the parties' acknowledgment that DJJ was the agency that employed Player at the time of the accident, see id.; and against Player on grounds of official immunity. See id. at (a).

OCGA § 50-21-26 (a) (2).

Compliance with the ante litem notice provisions is a condition precedent to the claimant's right to file suit against the State, and the courts lack jurisdiction to adjudicate any such claims against the State "unless and until [the] written notice of claim has been timely presented to the state as provided in [OCGA § 50-21-26 (a)]." OCGA § 50-21-26 (a) (3). A claimant may not initiate suit on her claim until the earlier of (1) the denial of her claim by DOAS or (2) 90 days from the date of presentation of the ante litem notice. OCGA § 50-21-26 (b). Thus, "[t]he purpose of [the ante litem notice] requirements is to ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit." (Footnote omitted.) *Williams v. Georgia Dept. of Human Resources*, 272 Ga. 624, 625 (532 SE2d 401) (2000).

It is well established that strict compliance with the notice provisions is a prerequisite to filing suit under the GTCA, and substantial compliance therewith is insufficient. *Williams*, supra, 272 Ga. at 624. This is because the GTCA represents a limited waiver of the State's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts. *Sylvester v. Dept. of Transp.*, 252 Ga. App. 31 (555 SE2d 740) (2001). Thus, it has been held that a notice that failed to include any specific dollar amount or range of losses claimed but rather asserted only "economic and non-economic losses" was deficient, *Perdue v. Athens Technical College*, 283 Ga. App. 404, 406, 408 (641 SE2d 631) (2007); that dismissal was required where the notice was delivered to the DOAS Commissioner rather than to the Risk Management Department, *Welch v. Georgia Dept. of Transp.*, 276 Ga. App. 664 (624 SE2d 177) (2005); and that an untimely notice was deficient even though it was undisputed that the State had actual notice of the claim through a timely notice submitted by a second claimant. *Williams v. Georgia Dept. of Transp.*, 275 Ga. App. 88 (1) (619 SE2d 763) (2005). Likewise, this Court has held that the omission in a notice of a possible claim for wrongful death required the dismissal of that portion of the claimant's complaint seeking damages for wrongful death. *Williams*, supra, 272 Ga. at 626.

However, we have also held that the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions. See *Georgia Ports Auth. v. Harris*, 274 Ga. 146, 151 (2) (549 SE2d 95) (2001) (delivery of notice by Federal Express rather than personally by claimant sufficient to fulfill "personal delivery" requirement under OCGA § 50-21-26 (a) (2), and fact that claimant did not obtain receipt at time of delivery not fatal where claimant ultimately obtained receipt "in a manner not disallowed by the [statute]"); *Norris v.*

*Georgia Dept. of Transp.*, 268 Ga. 192, 193 (486 SE2d 826) (1997) (notice not untimely where mailed prior to 12-month deadline but not received by DOAS Risk Management Division until after deadline). In other words, we have declined to reach a needlessly harsh result "when that result was not mandated by the GTCA." *Georgia Ports Auth. v. Harris*, supra, 274 Ga. at 151 (2).

As we read it, the GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted. Specifically, as set forth above, the statute requires only that the prescribed details regarding the potential claim be stated "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances." OCGA § 50-21-26 (a) (5). With respect to the responsible agency, the claimant is required to state "[t]he name of the state government entity, the acts or omissions of which are asserted as the basis of the claim." Id. at (A). Thus, presumably in acknowledgment of a claimant's potentially imperfect knowledge, the plain language of the statute requires the identification of the agency *asserted to be* responsible, rather than identification of the agency *actually* responsible.[2]

The claimant must then deliver the notice to the DOAS Risk Management Division and send a copy thereof to the agency "the act or omissions of which are asserted as the basis of the claim." OCGA § 50-21-26 (a) (2). Again, the plain language requires notice to the agency *asserted to be*, rather than the agency that *actually is*, responsible. In short, the ante litem notice provisions require the claimant to identify in her notice, based on the information available to her at the time, the agency she believes to be responsible for her losses, and to provide a copy of the notice to that agency within the 12-month statutory period.

In this case, it is undisputed that Cummings believed that DOT was the responsible agency at the time she served her initial notice. This belief was predicated on Cummings' affirmative efforts to ascertain the identities of those involved in the collision, including, inter alia, securing a copy of the accident report; obtaining photographs of the state vehicle; and discussing the accident with various

---

[2] In its brief, the State asserts that this Court has not undertaken to review the sufficiency of the content of the notice, maintaining that the Court of Appeals reversed the trial court on grounds of both the content and the timeliness of the notice and noting that this Court's certiorari question specifically referenced only the latter. However, because we view the issues regarding the content and the timeliness of the notice to be inexorably related, and because our reading of the Court of Appeals' opinion does not reveal that the Court of Appeals bifurcated its holding as the State maintains, we review both issues.

representatives or agents of the State.[3] Consequently, in accordance with OCGA § 50-21-26, Cummings named DOT in her notice and mailed it to DOT within 12 months of the accident.[4] Cummings complied with the statute in all other respects. Under these circumstances, we hold that Cummings did comply with the ante litem statute, and her error in identifying the responsible agency does not automatically subject her claims to dismissal.

We note that construing OCGA § 50-21-26 to accommodate the possibility of a claimant's error in identifying the responsible agency makes sense in light of the fact that the GTCA vests DOAS, rather than the responsible agency, with specific authority to investigate claims arising thereunder and with sole authority to settle such claims. See OCGA §§ 50-21-26 (c) and (d); 50-21-36. The primacy of DOAS over the responsible agency with respect to the handling of claims is also demonstrated by the fact that the statute requires that DOAS get the original notice, while the responsible agency is only to receive a copy, and that delivery to DOAS must be provable by receipt, with no receipt required from the responsible agency. OCGA § 50-21-26 (a) (2). Likewise, the statute requires the claimant who proceeds to file suit on her claim to attach to her complaint a copy of the notice to the DOAS but requires no proof regarding the notice to the responsible agency. OCGA § 50-21-26 (a) (4). Because DOAS is charged with primary authority to handle GTCA claims, a claimant's error in identifying the responsible agency should not, so long as she complies fully with the requirements regarding notice to DOAS, impede the purpose of the ante litem notice provisions to enable the State to

---

[3] In its decision, the Court of Appeals held that "the burden is on the [claimant] to utilize whatever means are available to him to provide both the DOAS and the responsible government entity with timely ante litem notice," *Georgia Dept. of Juvenile Justice v. Cummings*, supra, 281 Ga. App. at 903, and went on to find that, in Cummings' case, such "available means" included "utilizing the federal Driver's Privacy Protection Act . . . [and] obtain[ing] information about Player's employment status through a request under the Georgia Open Records Act, or perhaps by accessing the State of Georgia internet website which provides a link to a state employee directory." (Footnotes omitted.) Id. However, the Court of Appeals cites no authority that supports the imposition of such a burden on the claimant. Though there is no doubt that claimants have the duty to make a good faith effort to identify parties against whom claims will be asserted, nothing in the GTCA suggests that claimants should have to resort to open records requests or the like in identifying the responsible agency. Indeed, given the State's obviously superior knowledge regarding which of its agencies employ which of its employees, imposing such a burden would serve little purpose.

[4] Notably, Cummings served her initial notice more than four months before the 12-month deadline, allowing ample time for her to amend and resend her notice in a timely manner had she been made aware of the necessity of doing so. Indeed, it was reasonable for Cummings to believe that her notice was sufficient in all respects where the State initiated and proceeded with settlement negotiations over a period of months without once indicating that Cummings had failed to identify the correct agency.

investigate and settle claims before they ripen into full-blown litigation.[5] Unless the State is prejudiced in some way in investigating and attempting to settle the claims, the purpose of the notice provisions is not thwarted by accommodating the subsequent correction of such an error. See *Camp v. Coweta County*, 280 Ga. 199, 203-204 (3) (625 SE2d 759) (2006) (in deciding whether claimant may subsequently correct failure to send copy of complaint to Attorney General as required under GTCA's service of process provisions, "courts should determine on a case by case basis whether the purpose of the statute . . . has been so thoroughly undermined as to cause prejudice to the State and warrant dismissal of the lawsuit").

Here, Cummings complied with the plain language of the ante litem notice provisions. Though, due to error on her part, the actual responsible agency was not provided with ante litem notice within the 12-month period, there is no evidence that the State suffered any prejudice therefrom. To the contrary, DOAS discovered early on in its investigation that DJJ was the actual agency involved and proceeded to investigate Cummings' claim, even extending a settlement offer prior to the filing of Cummings' suit. In addition, as found by the trial court and supported by the record, Cummings' error in identifying the responsible agency was not due to a failure to adequately investigate her claim. See *Department of Human Resources v. Johnson*, 264 Ga. App. 730, 731 (592 SE2d 124) (2003), aff'd, 278 Ga. 714 (606 SE2d 270) (2004) ("factual findings by the trial court in support of its legal decision are sustained if there is evidence authorizing them"). Under these circumstances, we hold that Cummings' claims should not have been dismissed. Accordingly, the judgment of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur, except Melton, J., who dissents.*

MELTON, Justice, dissenting.

The Georgia Tort Claims Act (GTCA) requires a claimant to determine "as far as may be practicable under the circumstances," the exact identity of the state agency allegedly responsible for the claimant's injuries. This Court, however, requires a claimant to do nothing more than guess. In its opinion, the majority minimizes the mandates of the Georgia Constitution granting sovereign immunity to the State, improperly expands the State's waiver of sovereign immunity, and unduly erodes the fundamental principle that requires this Court to strictly and narrowly construe the extent of the

---

[5] Indeed, the Legislature's apparent acknowledgment of the potential for error in identifying the responsible agency undercuts the notion that the Legislature intended notice to the correct agency to be a jurisdictional prerequisite to suit.

waiver of sovereign immunity by the State under the GTCA. Furthermore, the undisputed facts of record simply do not support the majority's strained conclusion. For these reasons, I must respectfully dissent.

Prior to 1990, the Georgia Constitution provided that, with regard to damage claims, the State waived its sovereign immunity to the extent that the State had purchased liability insurance which would cover these claims. In 1990, however, the Georgia Constitution was amended to re-establish the State's sovereign immunity in its broadest and most complete sense. Under this constitutional amendment, suit could not be brought against the State for damages unless the General Assembly decided to "waive the [S]tate's sovereign immunity from suit by enacting a State Tort Claims Act." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (a).

Thereafter, the General Assembly did, in fact, create the GTCA. Strict compliance with the GTCA, including its notice provisions, is a prerequisite to filing suit against the State, as the GTCA merely provides for a narrow waiver of the State's sovereign immunity. See, e.g., *Williams v. Georgia Dept. of Human Resources*, 272 Ga. 624 (532 SE2d 401) (2000); *Welch v. Georgia Dept. of Transportation*, 276 Ga. App. 664 (624 SE2d 177) (2005). While our Legislature was empowered to fashion this narrow waiver, this Court has no similar authority, and it is our duty to refrain from any modification or abrogation of the GTCA. *Sylvester v. Dept. of Transportation*, 252 Ga. App. 31 (555 SE2d 740) (2001).

With these precepts in mind, OCGA § 50-21-26 (a) (2) mandates that notice of a claim against the State must be given to the Risk Management Division of the Department of Administrative Services and a copy must be delivered to the state government entity whose acts or omissions form the basis of the claim. In turn, OCGA § 50-21-26 (a) (5) (A) requires a claimant to include in his or her ante litem notice "to the extent of the claimant's knowledge and as may be practicable under the circumstances . . . [t]he name of the state government entity, the acts or omissions of which are asserted as the basis of the claim." Read together, these provisions imply that in some cases where the claimant has tried, *as far as may be practicable under the circumstances*, but fails to determine the exact identity of the state agency allegedly responsible, that claimant may successfully file an ante litem notice by naming the state agency allegedly responsible "to the extent of the claimant's knowledge."

In this case, the facts simply cannot support the required finding that Cummings diligently sought out the identity of the responsible agency to the extent practicable under the circumstances. To the contrary, she chose to provide notice to the Department of Transportation, the wrong state agency, on the basis of speculation and

assumption. The record shows that, following the accident in question, Cummings obtained a copy of the police report and took pictures of the state's van, which was unmarked. Despite the fact that the police report contained the name, address, and phone number of the van's driver, the name and address of the van's passenger, and the van's license plate number, there is no evidence that Cummings did anything to follow up on this information. In fact, there is no evidence that Cummings ever asked anyone which state agency was operating the van in question. According to Cummings' affidavit, she merely provided ante litem notice to the DOT "since the police report indicated it was a vehicle owned by the State of Georgia." Likewise, Cummings' attorney similarly stated: "Since the van was used for transportation, we identified the Georgia Department of Transportation as the responsible state agency in the notice sent to the Department of Administrative Services." Cummings admittedly provided notice to the DOT, the wrong state agency, based on this rank speculation, and notice to the wrong state agency based on mere speculation and assumption does not satisfy a burden of even minimal diligence. Therefore, even under the relaxed standard implied in OCGA § 50-21-26 (a) (5) (A), Cummings did not strictly comply with the ante litem notice requirements of the GTCA, and the trial court erred by denying the State's motion to dismiss Cummings' case.

Rather than reach this straightforward result, the majority defers blindly to the findings of the trial court that Cummings' ante litem notice was sufficient. In doing so, the majority overlooks the reality that, because the undisputed facts of record do not support the trial court's finding, deference to the trial court is not appropriate in this case. By employing this unquestioning deference, the majority, in effect, turns the applicable law on its head to expand the waiver of sovereign immunity rather than interpreting the GTCA narrowly, as required. In fact, the majority's opinion essentially destroys the requirement that the responsible state agency receive any reasonable notice and shifts the burden of identifying the responsible agency almost completely to the DOAS. Under the majority's analysis, a party may admittedly assume the identity of the responsible agency, send notice based on this assumption, and force the DOAS to determine the proper agency. This result violates both the constitutional and legislative intent underlying the GTCA and oversteps the authority of this Court.

DECIDED NOVEMBER 21, 2007 —
RECONSIDERATION DENIED DECEMBER 14, 2007.

*Gary O. Bruce, Harp & Callier, Jefferson C. Callier*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Rebecca S. Adams, Robert L. Bunner, Assistant Attorneys General*, for appellee.