A08A2041. YOUNG et al. v. GEORGIA DEPARTMENT OF NATURAL RESOURCES et al.
(677 SE2d 309)

SMITH, Presiding Judge.

Maynard and Laura Young appeal from the trial court's grant of the Georgia Department of Natural Resources's ("DNR") and the Georgia Agricultural Exposition Authority's ("GAEA") motion to dismiss their personal injury suit based upon their failure to comply with the ante-litem notice statute, OCGA § 50-21-26. Based upon the Georgia Supreme Court's decision in *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822 (653 SE2d 729) (2007), which was decided shortly before the trial court's order was issued, we vacate the trial court's order and remand this case to the trial court to employ the analysis outlined by the Supreme Court in *Cummings*.

The issue in this case is whether the ante-litem notice provided by the Youngs sufficiently identified "the state government entity, the acts or omissions of which are asserted as the basis of the claim." OCGA § 50-21-26 (a) (5) (A). The record shows that the Youngs provided ante-litem notices to the Department of Administrative Services, Risk Management Division, as well as the Georgia National Fairground & Agricenter within the one-year time period required by OCGA § 50-21-26 (a) (1).

The ante-litem notices listed the place of the accident as the "Georgia National Fairgrounds and Agricenter, Perry, Georgia." The

Youngs asserted that Mr. Young was injured "by the negligence of the State of Georgia and its contractors, subcontractors, and other agents." They also claimed that "[t]he State of Georgia was negligent in the design of the facility and in failing to provide adequate security, supervision, management and control of the animals being exhibited." The notices were addressed to the Department of Administrative Services, Risk Management Division. The notices list that carbon copies were provided to the Georgia National Fairgrounds and Agricenter.

On March 20, 2000, the Youngs filed suit against the DNR and the GAEA, as well as other non-governmental entities. Over seven years later, the DNR and GAEA moved to dismiss the Youngs' complaint based upon their failure to identify the DNR and GAEA as the target state entity as required by OCGA § 50-21-26 (a) (5) (A).

The trial judge granted the motion to dismiss on April 9, 2008, in a four-page written order. In his order, the trial judge reasoned that

> a would-be plaintiff must strictly comply with the statute's requirements in order to effectuate a waiver of the state's sovereign immunity. . . . Plaintiffs' failure to include the names of the state entities in its notice renders the notice invalid, and substantial performance is insufficient to overcome this defect.

The trial judge's order does not discuss the Supreme Court's opinion and holdings in *Cummings*, supra.[1]

Not only did the trial judge rule without the benefit of the Supreme Court's guidance in *Cummings*, supra, his order did not address whether the Youngs adequately investigated their claim or whether the State has suffered prejudice as a result of the Youngs' misidentification of the state entity involved. As a result, we vacate the trial court's order and remand this case to the trial court for consideration of the Supreme Court's opinion in *Cummings*, supra.

We find no merit in the DNR and the GAEA's argument that *Cummings*, supra, does not control because the Youngs' letter identified only the State of Georgia, instead of an actual state agency. Our review of the Youngs' letter shows that it also identified the Georgia National Fairgrounds and Agricenter. The trial court, therefore, must determine whether the Youngs adequately investigated their claim when they named this entity instead of the DNR and the GAEA.

Likewise, our opinion in *Johnson v. E.A. Mann & Co.*, 273 Ga.

---

[1] We note that the *Cummings* decision was issued on November 21, 2007, and neither party submitted a supplemental brief bringing this decision to the attention of the trial court.

App. 716 (616 SE2d 98) (2005), does not require a different result, because in *Johnson*, the claimant failed to name *any* state entity that he sought to hold responsible for his injuries. 273 Ga. App. at 721-722.

*Judgment vacated and case remanded with direction. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 17, 2009 —
RECONSIDERATION DENIED APRIL 10, 2009.

*Reynolds & McArthur, W. Carl Reynolds, Bradley J. Survant,* for appellants.

*Thurbert E. Baker, Attorney General, Jennifer L. Dalton, Assistant Attorney General, Robins, Kaplan, Miller & Ciresi, James A. Kitces,* for appellees.