BENHAM, Justice,
dissenting.
As this Court has previously held, the rule that the Georgia Tort Claims Act (“GTCA”) should be strictly construed “does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA’s notice provisions. In other words, we have declined to reach a needlessly harsh result when that result was not mandated by the GTCA.” (Citations and punctuation omitted.) Cummings v. Ga. Dept. of Juvenile Justice, 282 Ga. 822, 824-825 (653 SE2d 729) (2007). In Cummings, we reiterated that “the purpose of the ante litem notice requirements is to ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit.” (Citation and punctuation omitted.) Id. at 824. In the case now before us, after receiving timely notice of the claim, the state was not hampered in its ability to seek a settlement before appellee Myers filed her lawsuit. She sent a demand package to the Georgia Department of Administrative Services (“DOAS”) listing all her alleged damages, including medical expenses and other damages she had not yet sustained at the time she initially served her ante litem notice. DOAS responded with a settlement offer, and all this occurred prior to Myers’s filing her complaint.
I agree with the Court of Appeals that the language of the GTCA requires a statement of “the amount of the loss claimed,” and not an incomplete snapshot of the loss the claimant has sustained at the *848 time of the ante litem notice. See OCGA § 50-21-26 (a) (5) (E). After the Court of Appeals issued its opinion in this matter, it distinguished the facts of this case from the facts of a more recent case decided by that court in which the ante litem notice failed to mention any amount of loss claimed, even though by the time the notice was served, the losses were complete. See Driscoll v. Bd. of Regents of the Univ. Sys. of Ga., 326 Ga. App. 315, 317, n. 10 (757 SE2d 138) (2014). Ms. Myers’s ante litem notice, by comparison, was served at a time before she knew or could have known of the full extent of her losses. Nevertheless, her ante litem notice described the physical injury she sustained, gave notice that her loss had yet to be determined because she was still incurring medical bills, and stated that she did not yet know the full extent of her injury. In my opinion, then, Myers’s notice met the requirement of the GTCA that a notice of claim state the amount of loss claimed “to the extent of the claimant’s knowledge and belief and as may be practicable under the circumstances.” OCGA § 50-21-26 (a) (5). Additionally, the purpose of assuring that the state’s ability to make a meaningful settlement assessment before the lawsuit was filed was accomplished.
Decided October 6, 2014.
Samuel S. Olens, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Kirsten S. Daughdril, Senior Assistant Attorneys General, Ronald S. Boyter, Jr., Assistant Attorney General, for appellant.
McMahan Law Firm, Barton C. Solomon, Jay R. McCurdy, The Cowan Law Firm, Brian D. Wright, for appellee.
Consequently, I would affirm the Court of Appeals’s opinion that the ante litem notice given by appellee Myers was adequate under the circumstances and its holding that her suit against appellant was improperly dismissed.