**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**February 11, 2022**

# In the Court of Appeals of Georgia

A21A1284. BING v. TAYLOR et al.

DOYLE, Presiding Judge.

Navelyen Bing appeals from the dismissal of her personal injury suit against Michael Taylor and the Georgia Department of Human Resources ("DHR"). She challenges the trial court's ruling that she failed to comply with the ante litem notice requirements to invoke the waiver of sovereign immunity in the Georgia Tort Claims Act ("GTCA").[1] Specifically, she argues that the trial court erred by ruling that she failed to meet the notice requirements in OCGA § 50-21-26 (1) and the service requirement in OCGA § 50-21-35. Because Bing failed to timely notify any State agency asserted to be at fault, we affirm.

---

[1] OCGA § 50-21-20 et seq.

We review de novo a trial court's [ruling on] a motion to dismiss based on sovereign immunity grounds, which is a matter of law. However, factual findings by the trial court in support of its legal decision are sustained if there is evidence authorizing them, and the burden of proof is on the party seeking the waiver of immunity.[2]

The record shows that on October 11, 2019, Bing filed a complaint naming Taylor and DHR as defendants. The complaint alleged that on October 23, 2017, Bing was a passenger in a vehicle and was injured when it was hit by a vehicle driven by Taylor as he improperly merged into Bing's lane of travel. The complaint also alleged that at the time of the collision, Taylor was on duty as an employee of DHR.

Two days after the collision, on October 25, 2017, Bing's attorney sent letters by certified mail to the Risk Management Division of the Georgia Department of Administrative Services ("DOAS"), the Director of the Clayton County Department of Human Resources, the Commission Clerk of the Clayton County Board of Commissioners, and the Chairman of the Clayton County Board of Commissioners. The letters were titled "Ante-Litem Notice," and stated that they "shall serve as notice

---

[2] (Citations omitted.) *Ga. Dept. of Human Resources v. Johnson*, 264 Ga. App. 730, 731 (592 SE2d 124) (2003).

2

pursuant to OCGA § 50-21-26" of Bing's tort claim against the DOAS and "Clayton County Human Resources."

On June 6, 2018, Bing sent a formal demand letter to DOAS, describing the incident, listing her injuries, and offering to settle Bing's claims against the State for $300,000.

In the absence of a settlement, Bing filed her complaint against Taylor and DHR in October 2019, and she sent a copy of the complaint to the Attorney General of Georgia by certified mail.

The following month, in November 2019, the defendants filed a special appearance and answer, asserting that Bing had failed to comply with the notice requirements of the GTCA, and that DHR was not a proper party. The answer also asserted that Taylor was not employed by DHR (or its successor agencies such as the Department of Behavioral Health and Developmental Disabilities and the Department of Community Health), explaining that Taylor was actually employed by an entity called the Clayton Center Community Service Board. Along with the answer, the defendants moved to dismiss on several grounds including failure to comply with the notice and service provisions of the GTCA.

Bing opposed the motion to dismiss, and within 30 days of receiving it, she filed an amended complaint again naming DHR and stating that she had served the Clayton Center Community Service board with the complaint. Bing also sent an undated certified letter "To Whom It May Concern" at the "Clayton Center Community of Service Board," [sic] enclosing a copy of the complaint and affidavits of service of the complaint. That letter did not contain her notice of claim originally sent to Clayton County.

Following a hearing, the trial court granted the motion to dismiss. The court ruled that (1) Bing did not meet the notice requirements in OCGA § 50-21-26 because she failed to "deliver notice to the Clayton Center Community Service Board," and (2) Bing did not meet the service requirement because she failed "to serve the chief executive officer of the state government entity involved," i.e., the Clayton Center Community Service Board. Based on each of these conclusions, the trial court dismissed Bing's claim against the State.[3] Bing now appeals.

---

[3] Bing had already conceded that Taylor should be dismissed on official immunity grounds. See OCGA § 50-21-25 (a) ("[The GTCA] constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor.").

1. Bing contends that the trial court erred by ruling that she failed to comply with the ante litem notice requirement of OCGA § 50-21-26. We disagree.

The GTCA creates a limited waiver of sovereign immunity for certain tort claims against the State.[4] To invoke the waiver, plaintiffs must comply with the ante litem notice provisions of the GTCA. "If the ante litem notice requirements are not met, then the State does not waive sovereign immunity, and . . . the trial court lacks subject matter jurisdiction."[5] Further, "strict compliance with [the] ante litem notice requirements is necessary, and substantial compliance is insufficient."[6] "However, . . . the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions."[7]

OCGA § 50-21-26 lays out the elements of the ante litem notice requirement, in relevant part:

---

[4] See OCGA § 50-21-23 (a).

[5] *Bd. of Regents of the Univ. Sys. of Ga. v. Myers*, 295 Ga. 843, 845 (764 SE2d 543) (2014).

[6] Id.

[7] *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007).

5

(a) No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows:

(1) *Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered. . . .*

(2) Notice of a claim shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, *a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.* Each state government entity may designate an office or officer within that state government entity to whom a notice of claim is to be delivered or mailed;

(3) *No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection. . . .*[8]

Further, the GTCA defines "state" as a number of state agencies and departments, but it explicitly excludes "counties, municipalities, school districts,

---

[8] (Emphasis supplied.)

other units of local government, hospital authorities, or housing and other local authorities."[9] Likewise, the GTCA defines "state government entity" as "a state office, agency, authority, department, commission, board, division, instrumentality, or institution."[10]

Here, Bing sued Taylor and DHR, but she sent her ante litem notice to: DOAS, Clayton County Human Resources, and the Clerk and the Chairman of the Clayton County Board of Commissioners. Because these recipients are *county* entities and officials (aside from the DOAS), they are not considered "state" entities or officials under the GTCA. More than two years after the injury, she sent a copy of her complaint (without the ante litem notice) to the Clayton Center Community Service Board; to the extent that Bing argues that this mailing sufficed, it did not meet the statutory one-year deadline to provide notice.[11] Thus, we are presented with a scenario where Bing purported to sue the State, but she sent her ante litem notice to the county. Whether or not Bing correctly identified the allegedly responsible agency in her original notice, the GTCA explicitly excludes counties and local authorities

---

[9] OCGA § 50-21-22 (5).

[10] Id. at (6).

[11] See OCGA § 50-21-26 (a) (1).

7

from the definition of "state" and therefore "state agency." Thus, when Bing sent her ante litem notice to the county,[12] it was ineffectual for purposes of the ante litem notice requirement in the GTCA, which requires that notice must be sent to a State entity. This is not a scenario in which Bing mistakenly notified the wrong State agency; rather, she did not timely notify *any* State agency asserted to be at fault.[13] Therefore, Bing failed to meet her burden to demonstrate compliance with the requirement in OCGA § 50-21-26 to notify the allegedly responsible State entity (not

---

[12] See generally *Cummings*, 282 Ga. at 825 ("[T]he GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted. Specifically, . . . [w]ith respect to the responsible agency, the claimant is required to state the name of the state government entity [and] the acts or omissions of which are asserted as the basis of the claim. Thus, presumably in acknowledgment of a claimant's potentially imperfect knowledge, the plain language of the statute requires the identification of the agency asserted to be responsible, rather than identification of the agency actually responsible.") (citations and punctuation omitted).

[13] In this way, this case differs from the scenario in *Cummings*, in which the Supreme Court reasoned that the plaintiff's notice to the incorrect state agency was sufficient, because the plaintiff did notify the state agency asserted to be at fault, albeit incorrectly, thereby complying with the statutory language. See id. ("[I]t is undisputed that Cummings believed that DOT was the responsible agency at the time she served her initial notice. . . . Consequently, in accordance with OCGA § 50-21-26, Cummings named DOT in her notice and mailed it to DOT within 12 months of the accident.").

8

a county or county entity) of her claim prior to filing suit, and we affirm the judgment dismissing her claim for lack of subject matter jurisdiction.

2. Bing's remaining enumerations are moot.

*Judgment affirmed. Reese and Brown, JJ., concur.*