**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 9, 2022**

# In the Court of Appeals of Georgia

A21A1514. LANGFORD v. GEORGIA DEPARTMENT OF COMMUNITY HEALTH et al.

PHIPPS, Senior Appellate Judge.

Caleb Langford appeals from the trial court's order dismissing his claims against the Georgia Department of Community Health ("DCH") for failure to comply with the ante litem notice requirements of the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20 et seq. Langford contends that (1) DCH's motion to dismiss was moot because he settled his case with DCH; and (2) the trial court erred in finding that Langford did not comply with the procedural requirements of OCGA § 50-21-26 (a). Finding no error, we affirm.

On October 15, 2018, Langford was in an automobile accident with an employee of DCH. Langford sent an ante litem notice[1] to the Risk Management Division of the Georgia Department of Administrative Services ("DOAS") several months later that contained a settlement offer of $25,000. The notice stated, in relevant part, "this claim arises from a motor vehicle accident . . . between Risk Management's insured and . . . Caleb Langford." Nothing in the notice identified DCH as the state government entity at issue or indicated that Langford was sending a copy of the notice to DCH.

After DOAS received the ante litem notice, a DOAS litigation specialist e-mailed Langford's counsel to inform him that DOAS "will accept [his] client's demand for $25,000 to settle this matter." In a subsequent e-mail, the litigation specialist forwarded Langford's counsel a draft release. In response, Langford's counsel explained that Langford could not sign the draft release that was provided and requested a limited liability release in its place. The litigation specialist informed

---

[1] The August 2019 letter identifies itself not as an ante litem notice, but rather as a demand for settlement, but we assume, for purposes of the appeal, that it would have been sufficient to constitute an ante litem notice had it complied with the applicable statutory provisions discussed below.

Langford's counsel that the matter could not be settled if there was any change to the language of the draft release provided by DOAS.

Langford thereafter sued DCH for various tort claims arising from the car accident.[2] DCH moved to dismiss the case for (as relevant here) lack of subject matter jurisdiction. DCH argued, among other things, that (1) Langford's ante litem notice was deficient because it failed to identify the "state government entity" involved as required by OCGA § 50-21-26 (a) (5) (A), and (2) Langford failed to send or deliver a copy of the notice to DCH as required by OCGA § 50-21-26 (a) (2).[3]

Langford then filed an amended complaint, alleging that DCH had entered into a binding, pre-suit contract to settle the case. DCH filed a motion to dismiss the contract claim, denying that the parties had entered into a valid, enforceable settlement agreement. At a hearing on DCH's motions to dismiss, Langford's counsel agreed to the dismissal of the contract claim. At the end of the hearing, the trial court

---

[2] Langford also sued the DCH employee involved in the accident and the State of Georgia, but the trial court dismissed those defendants, and Langford does not challenge their dismissals on appeal.

[3] As discussed more fully in Division 2, the GTCA provides a limited waiver of the State's sovereign immunity, see OCGA § 50-21-23, but to receive this waiver of immunity a GTCA claimant must comply with, among other things, the ante litem notice provisions of OCGA § 50-21-26.

3

also dismissed Langford's tort claims on the grounds that his ante litem notice "did not name [DCH], and it was not sent to [DCH]." The trial court entered a written order several days later dismissing Langford's lawsuit. This appeal followed.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." *Brown v. Bd. of Regents of Univ. System of Ga.*, 355 Ga. App. 478, 479 (844 SE2d 544) (2020) (citation and punctuation omitted).

At the outset, we note that Langford's initial brief fails to comply with this Court's rules. Most significantly, although Langford enumerates two errors, his brief contains only one unnumbered argument apparently intended to cover both enumerations. See Court of Appeals Rule 25 (c) (1) ("The sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly."). Consequently, it is difficult to discern the nature and merit of his arguments.

> Our requirements as to the form of appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this

4

Court; a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form.

*Campbell v. Breedlove*, 244 Ga. App. 819, 821 (535 SE2d 308) (2000) (citation and punctuation omitted).

1. In Langford's first enumeration of error, he contends that the parties settled the case, and DCH's motion to dismiss was therefore moot. Langford's brief, however, contains no citation of authority or reasoned legal argument to support this claim. For example, his brief contains no legal citations or legal argument regarding when a settlement agreement becomes binding, the circumstances under which a motion to dismiss becomes moot, or a trial court's authority to rule on a motion to dismiss. Accordingly, this claim of error is deemed abandoned. *de Castro v. Durell*, 295 Ga. App. 194, 204 (3) (671 SE2d 244) (2008) (deeming an enumeration of error abandoned where the appellant failed to cite any legal authority in support thereof); see Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."). See also *Gresham v. Harris*, 349 Ga. App. 134, 138 (1), n. 9 (825 SE2d 516) (2019) (legal analysis "is, at a minimum, a discussion of the appropriate law as applied to the relevant facts") (citation, punctuation, and emphasis omitted).

2. In Langford's second enumeration of error, he contends the trial court erred in finding that his ante litem notice did not meet the procedural requirements of OCGA § 50-21-26 (a) (2) and (5) (A). We disagree.

The GTCA provides a limited waiver of the State's sovereign immunity "for the torts of state officers and employees while acting within the scope of their official duties or employment." OCGA § 50-21-23 (a). That waiver is effective only if all of the requirements in the GTCA are met. See OCGA § 50-21-23 (b) ("The state waives its sovereign immunity only to the extent and in the manner provided in this article and only with respect to actions brought in the courts of the State of Georgia."). Before filing suit, a GTCA claimant is required to send or deliver an ante litem notice to the Risk Management Division of the DOAS. OCGA § 50-21-26 (a). A copy of the notice must be sent or delivered to the agency, "the act or omissions of which are asserted as the basis of the claim." OCGA § 50-21-26 (a) (2). Within the notice, the claimant must state, to the extent of the claimant's knowledge and belief:

(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim;
(B) The time of the transaction or occurrence out of which the loss arose;

6

(C) The place of the transaction or occurrence;

(D) The nature of the loss suffered;

(E) The amount of the loss claimed; and

(F) The acts or omissions which caused the loss.

OCGA § 50-21-26 (a) (5).

Strict compliance with the GTCA's ante litem notice requirements is required; substantial compliance is insufficient. See *Bd. of Regents of Univ. System of Ga. v. Myers*, 295 Ga. 843, 845 (764 SE2d 543) (2014). If the required notice of a claim is not given, courts do not have jurisdiction over the claim. See OCGA § 50-21-26 (a) (3) ("No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection[.]").

Here, Langford failed to identify in his ante litem notice "[t]he name of the state government entity, the acts or omissions of which are asserted as the basis of the claim," as required by OCGA § 50-21-26 (a) (5) (A). Langford's omission of an entire category of information required by OCGA § 50-21-26 (a) (5) renders the notice insufficient. *Brown*, 355 Ga. App. at 481 ("[T]he complete omission of one of the six categories of information required by the ante litem notice statute render[s]

7

such notices insufficient.") (citation and punctuation omitted). Furthermore, Langford does not dispute that he failed to send a copy of his ante litem notice to DCH. He argues, however, that because of the parties' settlement discussions and e-mail exchanges, the State was aware that DCH was the agency at issue.[4] "Nevertheless, even when the state agency has actual notice, a claimant is not excused from strictly complying with the notice requirements." Id. (citation and punctuation omitted).

On appeal, Langford contends that the Supreme Court of Georgia's decision in *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822 (653 SE2d 729) (2007), supports his argument that the trial court erred in finding that his ante litem notice did not comply with the statutory requirements. In *Cummings*, the plaintiff believed that the agency at issue was the Georgia Department of Transportation ("DOT"), when the correct agency was the Georgia Department of Juvenile Justice ("DJJ"). Id. at 822. As a result, the plaintiff named the DOT as the responsible agency in her ante litem notice instead of the DJJ and mailed a copy of the notice to the DOT instead of the DJJ. Id. The Supreme Court noted that the plain language of OCGA § 50-21-26 (a) (5) (A) "requires the identification of the agency *asserted to be* responsible, rather

_____

[4] Langford's repeated assertions that he engaged in communications "with the proper entity" — which he identifies as DCH — are disingenuous. Each of the communications to which he refers was with DOAS, not DCH.

8

than identification of the agency *actually* responsible[,]" and the plain language of OCGA § 50-21-26 (a) (2) similarly "requires notice to the agency *asserted to be*, rather than the agency that *actually is*, responsible[,]" id. at 825 (emphasis in original), and found that the plaintiff had complied with the plain language of these ante litem notice provisions. Id. at 827. In contrast, Langford did not comply with the plain language of the statute; he did not identify or mail the notice to the *wrong* state agency — he failed to identify *any* agency, "the acts or omissions of which are asserted as the basis of the claim[,]" OCGA § 50-21-26 (a) (5) (A), or send a copy of the notice to *any* such agency, OCGA § 50-21-26 (a) (2). Thus, *Cummings* does not support Langford's contention that the trial court erred by finding that his ante litem notice did not comply with OCGA § 50-21-26 (a) (2) and (5) (A).

Because Langford's failure to strictly comply with the statutory notice requirements deprived the trial court of jurisdiction over his claim against DCH, we affirm the trial court's dismissal of Langford's complaint. See *Brown*, 355 Ga. App. at 481-482.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*