**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 22, 2024**

# In the Court of Appeals of Georgia

A24A1071. GEORGIA DEPARTMENT OF PUBLIC SAFETY et al. v. CLEAPOR.

MILLER, Presiding Judge.

The Georgia Department of Public Safety (DPS) seeks review of the trial court's denial of its motion to dismiss this personal injury action. On appeal, DPS argues that the trial court erred in concluding that Donnie Cleapor complied with the ante litem notice requirements of OCGA § 50-21-26 (a) before filing this lawsuit. We are compelled to agree that Cleapor failed to satisfy the ante litem notice requirement and therefore reverse.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking

the waiver of immunity." (Citation omitted.) *Douglas v. Dept. of Juvenile Justice*, 349 Ga. App. 10, 10-11 (825 SE2d 395) (2019).

The record shows that on June 15, 2021, Cleapor was a passenger in a car driven by his daughter, Mariesa Young, in Macon-Bibb County when they collided with another car driven by James Ross, a DPS employee. Cleapor and Young sustained injuries as a result of the accident. Cleapor and Young retained counsel to handle both of their claims, and counsel sent a letter of representation on behalf of both Cleapor and Young to the Georgia Department of Transportation ("DOT") and the Risk Management Division of the Department of Administrative Services ("DOAS") on June 29, 2021, believing at that time that Ross was a DOT employee. On or after July 8, 2021, Cleapor received the Georgia Motor Vehicle Crash Report listing the owner of Ross's vehicle as "Georgia Dep of Pub." On July 15, 2021, a DOAS liability specialist asked Cleapor for additional information to set up the claim, and the liability specialist identified the state agency as DPS. DOAS processed Cleapor's and Young's claims under the same case number.

Soon after the crash, the liability specialist with DOAS sent a letter to Young accepting liability for the incident, again identifying the state agency as DPS. Young

then sent an ante litem notice to DOAS and DOT in November 2021. Cleapor's counsel averred that he sent Young's ante litem notice to DOT instead of DPS due to a clerical error based on his original belief that DOT was responsible as set forth in the letter of representation. A formal demand letter was sent to Marjorie Standifer, a claims representative with DPS, on Young's behalf on December 10, 2021, and that letter was also forwarded to DOAS in January 2022. In the demand letter, Cleapor's counsel acknowledged that Ross was a DPS employee. Young's claim was settled on June 14, 2022.

On May 11, 2022, Cleapor served his ante litem notice on DOT and DOAS. Cleapor's counsel averred that the same clerical error caused the notice to be sent to DOT instead of DPS. Cleapor filed a complaint for damages on March 3, 2023, against Ross and the DOT. DOT moved to dismiss the case, arguing that it was not a proper party to the suit and that Cleapor failed to comply with the ante litem notice requirements of OCGA § 50-21-26 because he listed the wrong agency on his notice and sent the notice to the wrong agency.[1] In response, Cleapor served an amended

---

[1] Ross also filed a motion to dismiss the claims against him based on official immunity. It appears that the trial court has not ruled on this motion and that the claims against Ross remain pending below.

ante litem notice on DOAS and DPS on April 27, 2023, and he moved to correct a misnomer, or in the alternative, to drop DOT and amend the complaint to add DPS as a party, which the trial court granted.

After a hearing, the trial court denied the motion to dismiss. The trial court rejected the argument that the failure to name the correct State tortfeasor and provide it with a timely ante litem notice was not a curable defect. Rather, the trial court concluded that the ante litem notice to DOAS and DOT was sufficient, as it was timely and met other statutory requirements, and Cleapor reasonably and in good faith believed he was serving the proper tortfeasor. The court also found DOAS's conduct significant, concluding that DOAS had a duty to investigate and facilitate the claims, but instead DOAS raised no defects with the ante litem notice and settled the daughter's case, using the same claim number as Cleapor's claim. The court found that because DOAS was notified and the second State actor was notified based on knowledge and belief, the ante litem notice was sufficient. The court certified its order for immediate review, and we granted DPS' application for interlocutory appeal.

> The [Georgia Tort Claims Act] is a limited waiver of the State's sovereign immunity, crafted—as is constitutionally authorized—by our General Assembly, and not subject to modification or abrogation by our

courts, and requires a party with a potential tort claim against the State to provide it with notice of the claim prior to filing suit thereon. Moreover, the ante-litem notice requirements serve the purpose of ensuring that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit. Importantly, a claimant must strictly comply with the notice provisions as a prerequisite to filing suit under the GTCA, and substantial compliance is not sufficient. To be sure, strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions as reflected by the plain meaning of the relevant statutory text.. . . . [Yet,] substantial compliance is not strict compliance. Strict compliance is exactly what it sounds like: strict. Thus, if the ante-litem notice requirements are not met, then the State does not waive sovereign immunity, and the trial court lacks subject-matter jurisdiction over the case.

(Citations and punctuation omitted.) *Farmer v. Dept. of Corrections*, 346 Ga. App. 387, 388-389 (1) (816 SE2d 376) (2018) (punctuation and footnotes omitted).

OCGA § 50-21-26 (a) (2) provides that

[n]otice of a claim shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class

5

mail to the state government entity the act or omissions of which are asserted as the basis of the claim.

Pursuant to OCGA § 50-21-26 (a) (5),

[a] notice of claim under this Code section shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following: (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss.

Here, on this record, we are compelled to conclude that Cleapor failed to comply with the ante litem requirements and that his complaint against DPS is therefore due to be dismissed. Cleapor's May 11, 2022 ante litem notice on the DOT and DOAS is ineffective because it did not state "*to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances*, . . . [t]he name of the state government entity, the acts or omissions of which are asserted as the basis of the claim" as required by OCGA § 50-21-26 (a) (5). It is certainly the case that Cleapor's ante litem notice asserted the name of a state government entity that was allegedly responsible, namely DOT. However, when Cleapor sent the ante litem

6

notice, he had concrete evidence and belief through the crash report and through the subsequent negotiations with DOAS on his claim and Young's claim that the responsible entity was DPS, not DOT, and DOT was listed on the ante litem notice only due to an admitted clerical mistake, not through a reasonable mistake based on imperfect information. Given that the record is clear that Cleapor was aware which agency was actually responsible for the accident, we cannot say that he acted "*to the extent of his knowledge and belief*" when he listed the wrong agency as responsible on his notice.

These facts therefore distinguish this case from the Supreme Court of Georgia's decision in *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822 (653 SE2d 729) (2007). In *Cummings*, it was undisputed that the plaintiff reasonably believed that the responsible agency was DOT based on pictures of the van that hit her and the accident report, which listed the owner as "the State of Georgia," when the vehicle was actually owned by the Department of Juvenile Justice ("DJJ"). 282 Ga. at 825-826. Thus, she sent her ante litem notice to DOAS, with a copy to DOT. Id. at 822. After receiving the notice, the DOAS extended an offer, which the plaintiff rejected. Id. When the plaintiff's attorney contacted DOAS months later to discuss

7

settlement, DOAS informed counsel that because no ante litem notice had been sent to DJJ, the plaintiff had not complied with the GTCA, and no offer would be extended. Id. at 822-823. The plaintiff then revised the ante litem notice and sent it to DJJ. Id. at 823. Our Supreme Court found that the plaintiff complied with the ante litem statute when she named the agency she believed to be responsible at the time she served her initial notice. Id. at 825-827. The Court explained:

> As we read it, the GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted. Specifically, . . . the statute requires only that the prescribed details regarding the potential claim be stated "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances." OCGA § 50-21-26 (a) (5). . . . Thus, presumably in acknowledgment of a claimant's potentially imperfect knowledge, the plain language of the statute requires the identification of the agency asserted to be responsible, rather than identification of the agency actually responsible. . . . In short, the ante litem notice provisions require the claimant to identify in her notice, based on the information available to her at the time, the agency she believes to be responsible for her losses, and to provide a copy of the notice to that agency within the 12-month statutory period.

(Emphasis omitted.) Id. at 825. Unlike in *Cummings*, where the plaintiff had imperfect information and could not identify the actual state actor, here, Cleapor had concrete evidence of its identity.

Furthermore, we have repeatedly held that "the Department's knowledge of [an] injury and ensuing investigation [does] not obviate the [plaintiff's] clear statutory burden to establish a waiver of immunity by complying with the GTCA's ante litem notice requirement." *Douglas*, supra, 349 Ga. App. at 14 (2). See also *Langford v. Dept. of Community Health*, 363 Ga. App. 121, 125 (2) (871 SE2d 26) (2022) (no compliance with GTCA when plaintiff submitted the notice of claim to DOAS but completely omitted any state agency despite DOAS's settlement discussions with plaintiff); *Callaham v. Ga. Ports Auth.*, 337 Ga. App. 120, 122-123 (786 SE2d 505) (2016) (failure to send copy of ante litem notice to the state agency within 12 months despite the agency's knowledge of the claim was fatal). Thus, for the purpose of determining compliance with the ante litem notice statute, it is ultimately irrelevant that (1) DOAS had actual knowledge of Cleapor's claim; (2) DOAS was in settlement negotiations with Cleapor; and (3) DOAS settled with Young based on the same incident.

Finally, we note that none of the remaining correspondence in the record meets the requirements to constitute a compliant ante litem notice. The June 29, 2021 letter of representation sent by Cleapor's counsel to DOT and DOAS – sent when Cleapor arguably could have reasonably believed that Ross was a DOT employee – did not contain all of the information required by OCGA § 50-21-26 (a) (5). Young's December 10, 2021 demand letter to DPS did not mention Cleapor or his claims in any way, and so it could not serve as a sufficient notice for Cleapor's claims. See *Ga. Ports Auth. v. Harris*, 243 Ga. App. 508, 515-516 (8) (533 SE2d 404) (2000) (husband's ante litem notice was insufficient to give timely notice of wife's claims based on the same incident, and the wife was instead required to file a separate notice of her claims). And Cleapor's purported amended ante litem notice, sent on April 27, 2023, is untimely because it was not sent within one year of the incident that caused the injury. See *Silva v. Dept. of Transp.*, 337 Ga. App. 116, 119-120 (4) (787 SE2d 247) (2016) (rejecting the argument that an amended ante litem notice may be sent after the one-year deadline).

"While we are sympathetic to [Cleapor's] plight, Georgia law makes abundantly clear the need for strict compliance with the requirements of OCGA § 50–21–26(a)." *DeFloria v. Walker*, 317 Ga. App. 578, 582 (732 SE2d 121) (2012). We

acknowledge that the result we reach is harsh in light of the circumstances, but it is nevertheless the result that is required by the statute and our case law. See id. at 583 ("[T]he explicit ante litem notice provision is ignored only at peril to a plaintiff's cause of action and serves as a condition precedent for bringing suit under the [GTCA].") (citation and punctuation omitted). Accordingly, we reverse the trial court's order denying the motion to dismiss the claim against DPS.

*Judgment reversed. Markle and Land, JJ., concur.*